The substitute complaint in this action, dated December 4, 1973, alleged that on November 1, 1972, Johnny B. Booze, Virginia Booze[1] and Frederick E. Pratt executed a promissory note to the plaintiff in the amount of $2673.60, that since April 10, 1973, the note has been in default, and that *Page 633 
there remains due and owing the sum of $2090.63 plus interest, late charges and reasonable attorney's fees. In an answer dated May 8, 1974, Frederick E. Pratt, hereinafter referred to as the defendant, denied the material allegations of the complaint, set up eight special defenses and filed a counter-claim. On January 29, 1975, the defendant filed a ninth special defense in which he alleged that the plaintiff had repossessed a vehicle which had been given as security for the loan, that no resale had been alleged in the pleadings although such an allegation is a prerequisite to a deficiency action, and that no action on the note could be maintained once the collateral had been taken. After the trial, judgment was rendered for the plaintiff on the complaint, as amended, and on the counterclaim and the defendant has appealed.
The court found that the defendant executed the note as an accommodation maker for the purpose of perfecting his sale of a 1969 Oldsmobile to Johnny B. Booze and Virginia Booze, both of whom executed the note as makers for the purpose of purchasing the 1969 Oldsmobile. At the same time Mr. and Mrs. Booze executed a security agreement entitled "Consumer Installment Note," wherein the plaintiff was the secured party and the 1969 Oldsmobile was the collateral. The sale price of the vehicle was $2795 and a down payment of $300 was made. On April 10, 1973, the note was in default and on August 3, 1973, the defendant was requested to pay the unpaid balance of $2055.75. Mr. and Mrs. Booze voluntarily relinquished the 1969 Oldsmobile to the plaintiff on June 26, 1974, and the vehicle was delivered to Pratt's Auto Sales on June 28, 1974. A notice to redeem, dated June 28, 1974, was sent by certified mail to the defendant, who acknowledged receipt on July 3, 1974. This notice indicated that the defendant had the right *Page 634 
to redeem the vehicle prior to sale. By registered letter, dated July 17, 1974, and received by the defendant on July 19, 1974, the defendant was notified that the car would be sold to the highest bidder on July 23, 1974, at Pratt's Auto Sales. On July 23, 1974, two bids were received by the plaintiff at the bank but both were refused because they were considered to be insufficient. The repossessed vehicle was removed from Pratt's Auto Sales on July 23, 1974, and taken to Metropolitan Salvage where a second sale was consummated on or after October 25, 1974, for the sum of $575, at which time title was passed to Metropolitan Salvage. The court found that the unpaid balance on the defaulted note amounted to $2168.68 as of March 5, 1975
Although the defendant has filed several assignments of error, a consideration of one will suffice to dispose of this appeal. In that assignment the defendant claims that the court erred in finding that the collateral was disposed of in accordance with 42a-9-504 of the General Statutes.
The transaction in this case between the plaintiff and the Boozes, including the execution of a promissory note and a security interest, is a secured transaction within the scope of article 9 of the Uniform Commercial Code, hereinafter referred to as the code, as codified in 42a-9-101
to 42a-9-507 of the General Statutes. General Statutes 42a-9-102. The defendant, as an accommodation party to the promissory note, is a debtor within the meaning of 42a-9-105 (1) (d)[2] of the General Statutes.
Whether the notice sent to the defendant in regard to the first, unconsummated, sale was commercially reasonable is not the question before *Page 635 
us because it is apparent from the court's finding that no notice was sent to the defendant regarding the second sale. The vehicle was removed from Pratt's Auto Sales on July 23, 1974, and the second sale was held and consummated at a different location on or after October 25, 1974. No attempt was made by the plaintiff to comply with the notice requirement of 42a-9-504 (3). The trial court's conclusion that the collateral was disposed of in accordance with the provisions of 42a-9-504 is not supported by the subordinate facts and cannot stand.
By electing the remedy of repossession and resale, the plaintiff was bound to comply with certain provisions of the code. General Statutes42a-9-501 (3).[3] One provision of the code which cannot be waived is subsection (3) of 42a-9-504. That subsection allows the secured party to dispose of the collateral by public or private sale but requires that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." Subsection (3) also provides that unless the "collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market,[4] reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . . ." (Emphasis added.) This provision *Page 636 
of the code contemplates that written notice of the intended sale must be sent to the debtor. White and Summers, Uniform Commercial Code 26-10, p. 985.
Although we have concluded that the case must be remanded for a new trial because the court made an erroneous conclusion, we shall discuss certain issues which may arise upon a retrial. The principal issue involves the liability of a secured creditor who has deviated from the provisions of the code. General Statutes 42a-9-507 (1).[5]
Ordinarily the measure of damages incurred by a debtor would be the difference between the amount actually realized on resale and the amount which would have been obtained had there been compliance with the code's requirements. A to Z Rental, Inc. v. Wilson, 413 F.2d 899, 909 (10th Cir.). Now, however, the statutory provisions state the measure of damages. See 42a-9-507.
An important issue to decide on a retrial is whether a misbehaving creditor is entitled to a deficiency judgment. There is a line of authority which would deny any deficiency to a secured creditor who violates the provisions of the code. See Skeels v. Universal C.I.T. Credit Corporation,222 F. Sup. 696 (W.D. Pa.); Braswell v. American National Bank, 117 Ga. App. 699; Moody v. Nides Finance Co., 115 Ga. App. 859. We think the rule *Page 637 
enunciated in several Arkansas cases is more just and fair. Universal C.I.T. Credit Co. v. Rone,248 Ark. 665; Carter v. Ryburn Ford Sales, Inc.,248 Ark. 236; Barker v. Horn, 245 Ark. 315; Norton v. National Bank of Commerce of Pine Bluff,240 Ark. 143. In Norton v. National Bank of Commerce of Pine Bluff, supra, it is stated (pp. 149-50): "Upon the issue of Norton's damages simple considerations of fair play cast the burden of proof upon the bank. It was the bank which wrongfully disposed of the car without notice to the debtors. Thus it was the bank's action that made it at least difficult, if not impossible, for Norton to prove the extent of his loss with reasonable certainty . . . . We think the just solution is to indulge the presumption in the first instance that the collateral was worth at least the amount of the debt, thereby shifting to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law."
The Arkansas decisions establish the rules in a clear manner. First, the secured party must make a claim for a deficiency, after which the debtor responds by claiming that the secured party violated the provisions of the code. If the court finds that the secured creditor misbehaved, it penalizes him by indulging in the presumption that the value of the collateral is equal to the outstanding debt. The secured party can still recover a deficiency if he can prove by a fair preponderance of the evidence that the reasonable value of the collateral was less than the outstanding debt. White and Summers, op. cit. 26-15.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion SPEZIALE and PARSKEY, Js., concurred.