The plaintiff, First Alabama Bank of Montgomery, N.A., sued the defendants for the balance due on certain promissory notes. The bank was, in fact, seeking a deficiency judgment after sale of certain equipment which was security for one of the notes. Defendants counterclaimed, alleging commercially unreasonable behavior by the bank.
The trial court granted defendants' motions for a directed verdict on ground that *Page 642 
the bank's failure to comply with § 7-9-504 (3), Code of Ala. 1975 (notice to debtor of disposition of collateral after repossession), bars the bank's recovery of a deficiency judgment. The lawsuit went to the jury on defendants' counterclaim. The jury returned a verdict against the bank for $6,000. The bank appeals and we reverse and remand.
The primary issue on appeal is whether the bank's failure to comply with § 7-9-504 (3) bars as a matter of law a creditor from recovering a deficiency judgment.
The pertinent facts as revealed by the record are as follows: The defendants in this case are BE Steel Services, Inc., and Mr. Parsons and Mr. Whitehead, officers of the corporation. Parsons and Whitehead executed unconditional continuing guaranties of the corporation's debts. Thereafter, BE obtained two loans from plaintiff bank, both of which were evidenced by notes. One note was secured by two pieces of equipment. The other note was unsecured.
BE defaulted on both notes. The bank, pursuant to the loan agreement, applied the balance of BE's checking account to the debt owed on the unsecured loan. This action substantially reduced the amount due.
The bank then repossessed the collateral. Parsons and BE were notified that the equipment would be sold to the highest bidder at the bank's main office on February 19, 1979, if it were not redeemed by that date. Whitehead was given no notice of this proposed sale.
Although the bank received some bids on February 19, it did not accept any of them. Instead, it entered the collateral in a heavy equipment auction held on March 17, 1979. The bank did not notify any of the defendants of this sale.
Parsons and Whitehead were notified on April 16, 1979, that the equipment had been sold at auction and that the proceeds had been applied to the debt remaining on the secured note. The notice stated the amounts due on each note and demanded that Parsons and Whitehead fulfill their obligations as guarantors by paying both notes in full. No payment was forthcoming and the bank filed the instant suit.
Before deciding the primary issues it is necessary to determine if a guarantor is a debtor within the meaning of § 7-9-504 (3). If a guarantor is not a debtor within the meaning of that section, as the bank urges, then the trial court erred in ruling the bank's deficiency judgment action was barred by its failure to comply with § 7-9-504 (3). Put another way, the bank contends that guarantors, such as Whitehead and Parsons, are not entitled to notice under § 7-9-504 (3).
"Debtor" as used in Article 9 of the Uniform Commercial Code is defined in § 7-9-105 (1)(d), which says that a debtor is "the person who owes payment or other performance of the obligation secured,. . . ." Whether this definition includes a guarantor is a question of first impression in Alabama.
One who unconditionally guarantees another's debt obviously "owes payment or other performance of the obligation secured."T W Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J. Super. 328, 258 A.2d 162 (1969). Although there is authority to the contrary, we feel this is the better view.
A well reasoned and scholarly discussion of the issue may be found in Chase Manhattan Bank, N.A. v. Natarelli, 93 Misc.2d 78,401 N.Y.S.2d 404 (1977). In that opinion the court pointed out that the purpose of UCC § 9-504 (3) is to notify all persons having an interest in the collateral so that they may protect their interests. Notice of sale allows those persons to safeguard any right of redemption, to bid at the sale, to procure other bidders, or otherwise insure that a fair price is received for the collateral. Because a guarantor is liable for any deficiency after sale, he has at least as much at stake in a sale after default as the debtor does.
With the above in mind, we find that a guarantor is a "debtor" within the meaning of § 7-9-105 (1)(d) and is therefore *Page 643 
entitled to notice under § 7-9-504 (3). Consequently, the trial judge was correct in ruling that Parsons and Whitehead were entitled to notice.
The next question is whether the bank failed to comply with § 7-9-504 (3). The bank concedes that it gave no notice to Whitehead, but contends that Parsons and BE were properly notified.
As shown above, Parsons and BE did receive notice of the proposed February sale. They were not notified of the subsequent auction in March. The trial judge ruled that the bank's notice of the February sale was insufficient as a matter of law to notify Parsons and BE of the March sale.
While there is no Alabama authority on point, a Connecticut court, in Savings Bank of New Britain v. Booze,34 Conn. Sup. 632, 382 A.2d 226 (1977), was faced with a similar set of facts. That court held that notice of one sale at one location was not sufficient notice of a second sale at a different location. Based on the foregoing authority, we uphold the trial court's ruling in this case that the bank's notice to Parsons and BE was insufficient as a matter of law.
As indicated above, the primary issue in this case is whether the bank's failure to comply with § 7-9-504 (3) bars the bank's action for a deficiency judgment.
In the present case, Whitehead through able counsel contends that the bank's total failure to give him notice of sale amounted to commercially unreasonable behavior. Parsons and BE contend that the bank acted in a commercially unreasonable manner because they received insufficient notice.
In Valley Mining Corp., Inc. v. Metro, Ala., 383 So.2d 158
(1980), the Alabama Supreme Court indicated that insufficient notice of a default sale is commercially unreasonable behavior.[1] Clearly, if insufficient notice is commercially unreasonable behavior, then total lack of notice is also commercially unreasonable behavior. Savings Bank of New Britainv. Booze, supra. Nevertheless, the Alabama Supreme Court held in Valley Mining that commercially unreasonable behavior does not bar a creditor's right to a deficiency judgment action.
Application of the Valley Mining, rule, which we are bound by, to the facts at hand leads us to the conclusion that both insufficient notice and total lack of notice are commercially unreasonable behavior, but that neither bars a secured party's recovery of a deficiency judgment. The court in Valley Mining
did note that damages resulting from the creditor's failure to meet the notice requirement may be set off against the total deficiency. Valley Mining, supra, 383 So.2d at 165. Provision for this remedy is found in UCC § 9-507. Because the debtor has this remedy, we see no reason to impose an additional penalty by barring the creditor's action for a deficiency judgment.
In light of the above, we find that the learned trial court erred in granting defendants' motions for directed verdicts against the bank on the ground that the bank's failure to comply with § 7-9-504 (3) barred its action for a deficiency judgment. Put another way, the trial court should have allowed the bank to try its claim, subject to a setoff for damages due to the bank's noncompliance with § 7-9-504 (3).
We note that Whitehead contends in brief that the trial judge erred to reversal by denying his motion to dismiss or transfer. As an appellee in this case, Whitehead should have filed a cross appeal to preserve the alleged error. Because Whitehead did not file a cross appeal, the issue is not properly before this court. Protective National Insurance Co. of Omaha v. Bell, Ala., 361 So.2d 1058 (1978); Hudson v. DuraWear Corp., Ala.Civ.App., 344 So.2d 182 (1977).
The bank's claim for deficiency judgment and defendants' counterclaim for loss due to the bank's failure to comply with § 7-9-504 (3) are so closely related, the aforestated error by the learned trial judge requires a reversal of the entire case.See, *Page 644 
5 Am.Jur.2d Appeal Error § 964-65 (1962).
Defendants filed with this court motions to dismiss the appeal. These motions primarily were bottomed on the premise that the bank's notice of appeal was inadequate. These motions were filed in June of 1980 and denied on August 5, 1980.
The defendants in brief on the merits and at oral argument asked this court to reconsider the August action. We have reconsidered and again denied the motion. We find the notice of appeal to be adequate to invoke the jurisdiction of this court as to all defendants. See, Edmondson v. Blakely, Ala.,341 So.2d 481 (1976) (fairness requires notice that an appeal has been taken in order to reverse a judgment); Williams v.Williams, 25 Tenn. App. 290, 156 S.W.2d 363 (1941) (when the words "et al." are used, they refer to all defendants);Edmondson, supra (a notice indicating that an appeal has been taken from a judgment favorable to the appellee should give him notice that review might be sought as to matters not specifically set out in the notice); Committee Comment to Rule 2, ARAP (deficiencies relating to service of notices on opposing parties are not sufficient to warrant dismissal).
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that this case was decided after the trial court ruled in the instant appeal.