The plaintiff in this action seeks to recover financial losses incurred following the repossession and resale of a bulldozer originally sold by the plaintiff to the defendant. The defendant filed special defenses claiming that it received no notice that the equipment was to be sold and that the disposition of the bulldozer was not commercially reasonable, both of which acts were allegedly contrary to General *Page 456 
Statutes 42a-9-504.[1] The defendant further alleged by way of counterclaim that the plaintiff's commercially unreasonable practices had caused it to suffer economic loss and further that the plaintiff's acts constituted unfair trade practices contrary to General Statutes42-110b.[2]
The court concluded that the plaintiff's procedures were in fact commercially unreasonable and rendered judgment for the defendant on the plaintiff's complaint and for the plaintiff on the defendant's counterclaim. Thereafter, the court opened the judgment, found that the plaintiff's acts constituted unfair trade practices, and rendered judgment for the defendant to recover $2053 damages and $500 attorney's fees on the counterclaim.
The plaintiff has appealed contending that the court erred in concluding (1) that the plaintiff had behaved in a commercially unreasonable manner and (2) that the plaintiff's actions constituted unfair trade practices. The plaintiff further claims that the court erred in opening the original judgment to reconsider its decision on the counterclaim.
The court found that on April 15, 1977, the plaintiff sold a used John Deere bulldozer to the defendant for $8453. The parties signed a "Purchase Security Agreement — Retail Installment Contract" that called for a down payment of $2053 with the balance to be *Page 457 
paid in monthly installments of $301.32. On April 18, 1977, the defendant paid the $2053 and accepted delivery of the bulldozer, noting on the deposit check that certain components were to be repaired by the plaintiff. The purchase security agreement was thereafter assigned to Commercial Credit Equipment Corporation.
The plaintiff attempted to make the necessary repairs, but was unable to make the bulldozer operable. Because of this failure, the defendant refused to make the installments due under the financing agreement.
On October 3, 1977, the plaintiff repossessed the bulldozer and repaid the finance company $6847.57. The bulldozer remained on the plaintiff's premises for nine months when it was abruptly sold for $4000. The fair value of the bulldozer at the time of sale was $7900. The plaintiff completed the sale without referring to the "Green Guide Book," a trade publication which supplies current information as to bulldozer values. There was expert testimony that the delay in selling the bulldozer was unreasonable and that it could have been sold for a much greater price. The plaintiff gave no notice to the defendant of the proposed sale. The sale had as its basis no more than the plaintiff's decision to "unload" the bulldozer.
The court concluded that in view of the plaintiff's conduct and the significant disparity between the selling price and the fair value of the bulldozer, the plaintiff's "activity or nonactivity was not commercially reasonable."
General Statutes 42a-9-504 (3) provides in relevant part that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." While not capable of precise definition, the phrase "commercially reasonable," in terms of 42a-9-504 (3), means that *Page 458 
the qualifying disposition of the collateral must be made in a good faith attempt to accomplish disposition to the parties' mutual best advantage. Central Budget Corporation v. Garrett, 48 App. Div. 2
d 825, 368 N.Y.S.2d 268 (1975).
The record furnishes adequate evidence that this was not a good faith attempt to dispose of the collateral in a manner beneficial to the mutual best interests of the parties. Simply to "unload" collateral without reference to generally accepted price guides, after what is characterized by professionals as an unreasonable, nine month delay, for a price which is 50 percent of the fair value of the property and without notice to the defaulting party, furnishes an adequate basis for this conclusion.
We find, therefore, that a reasonable factual basis exists for the court's conclusion that this transaction was not commercially reasonable and that such conclusion is legally and logically correct. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 221-22, 435 A.2d 24 (1980).
 II
After entry of the original judgment for the defendant on the complaint and for the plaintiff on the counterclaim, the defendant filed a motion to open the judgment as to the counterclaim. the gravamen of the motion was that the evidence previously presented to the court, when coupled with the factual conclusions set forth in the memorandum of decision, furnished an adequate basis for concluding that the plaintiff violated the Unfair Trade Practices Act, General Statutes42-110a through 42-110q. There was no additional evidence nor any new legal theory presented to the court. Thereafter, the court opened and set aside the judgment as to the counterclaim and rendered judgment thereon for the defendant. This is not proper. It is well recognized that "[t]he opening or *Page 459 
vacating of a judgment . . . is at the legal discretion of the court. Tyler v. Aspinwall,73 Conn. 493, 47 A. 755 [1901]. . . . [I]t `is not to be granted readily, nor without strong reasons' . . . . Wildman v. Wildman, 72 Conn. 262,270, 44 A. 244 [1899]." McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114
(1927). "The motion should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision." 2 Stephenson, Conn. Civ. Proc. (2d Ed.) 207, p. 863; see Felton v. Felton, 123 Conn. 564, 569,196 A. 791 (1938).
The original memorandum of decision concluded with the succinct statement: "Judgment may enter for the defendant on the plaintiff's complaint and for the plaintiff on the defendant's counterclaim." The motion to open judgment contained no allegations of new evidence or assertion that the court had committed error in its first memorandum of decision. The motion did nothing more than reassert the same factual and legal arguments already presented to the court.
If in fact the defendant disagreed with the court's conclusion as set forth in the original memorandum of decision, the pursuit of an appeal is the proper means of attacking those conclusions. O'Leary v. Lumbermen's Mutual Casualty Co.,178 Conn. 32, 41, 420 A.2d 888 (1979).
 There is no error as to the judgment on the complaint. There is error as to the judgment on the counterclaim. The judgment in favor of the defendant on the counterclaim is set aside and the case is remanded with direction to render judgment for the plaintiff on the counterclaim.
In this opinion DALY and BIELUCH, Js., concurred.