[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 5, 1990, the defendant Mel Hall borrowed from the plaintiff, Lafayette Bank and Trust Company (Lafayette), the sum of $38,098.50 and signed a Retail Installment Contract, including a note, whereby he agreed to pay Lafayette monthly installments of $886.28 for a period of sixty months commencing on February 4, 1990. Pursuant to this note, Lafayette acquired a first security interest in a 1989 Ford Mustang Saleen automobile. Those facts are undisputed. CT Page 7998
In its complaint dated October 9, 1991, the plaintiff alleges that the defendant defaulted on his loan obligation by failing to make the payments due. Lafayette repossessed the automobile which was thereafter sold for $20,000.00 on June 27, 1991. The plaintiff seeks to obtain judgment for the deficiency due, plus accrued interest, costs of collection and attorney's fees.
The defendant submitted his answer and asserts as a special defense that he is not liable for any deficiency due the plaintiff because (1) the resale of the motor vehicle/collateral was not commercially reasonable; (2) the amount credited to him is less than the fair market value of the vehicle; and (3) he did not receive proper notice of the default and intention to repossess.
Plaintiff now moves (#109) for summary judgment, and in support thereof submitted the affidavit of Frederick Janes, plaintiff's vice president. The affidavit has appended to it twelve exhibits. Defendant has filed nothing in opposition to the motion.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. A material fact is one "which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (citations omitted). The moving party has the burden of showing that there are no material facts in dispute. Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). Thus, "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47.
Once the moving party has met its burden, the opposing party then assumes the burden of showing that some material factual issue exists. Hammer, supra, 578-79. "A party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials. . . to establish the existence of a `genuine issue' as to a material fact." Citizens National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430 (1980). If the nonmoving party does not respond to the summary judgment motion, "the court is entitled to rely upon the facts stated in the affidavits of the movant." Kakadelis v. DeFabritis, 191 Conn. 276,281, 464 A.2d 57 (1983).
Defendant admits in his answer that he borrowed $38,098.50 from plaintiff, that the Retail Installment Contract annexed to CT Page 7999 the complaint evidences the transaction, and that the Ford Mustang was the collateral for said loan. He denies in his answer that he defaulted on the loan and that he is liable for interest, costs and attorney's fees. He asserts no special defense with respect to monies owed pursuant to the terms of the note.
Mr. Janes, in his affidavit, states that the defendant failed to make the payments due for the month of November 1990 and every month thereafter. A certified letter dated February 6, 1991 was sent by plaintiff to defendant giving notice of default and demanding full payment. See Exhibit "B" appended to the Janes affidavit. Defendant's general denial of liability is insufficient to contest plaintiff's evidence concerning his default on his loan obligations; see Citizens National Bank, supra, 312; and plaintiff has met its burden of proof regarding such default.
Pursuant to the terms of the note, the plaintiff has the right to repossess and sell the automobile in the event of a default, and use the proceeds to pay off the amount owed it. See Exhibit "A" appended to the Janes affidavit. The defendant alleges in his special defense that he is not liable for the deficiency owed because the automobile was not sold in a commercially reasonable manner.
Repossession and sale of collateral is governed by article nine of the Uniform Commercial Code, General Statutes 42a-9-101
et seq.[1] See Connecticut Bank and Trust Co. v. Incendy,207 Conn. 15, 21, 540 A.2d 32 (1988); General Statutes42a-9-501(1). "Unless otherwise agreed a secured party has on default the right to take possession of the collateral." General Statutes 42a-9-503. He may then sell the collateral and apply the proceeds to the costs of such repossession and sale and to the satisfaction of the debt owed. General Statutes42a-9-504(1). The debtor is liable for any deficiency. General Statutes 42a-9-504(2).
Sale of the collateral may be by public or private proceedings, General Statutes 42a-9-504(3), "and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable;" Id. "[R]easonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." Id. "In the case of consumer goods no other notification need be sent." Id.
The aforementioned notification of sale pursuant to General Statutes 42a-9-504(3) is mandatory. Connecticut Bank and CT Page 8000 Trust, supra, 21; Savings Bank of New Britain v. Booze,34 Conn. Sup. 632, 635, 382 A.2d 226 (App. Sess. 1977). The plaintiff has produced no evidence that such notice of sale was sent to the defendant as required by statute. See Janes affidavit and appended exhibits.
In Connecticut a secured party who fails to give the proper notice of sale to the debtor is not precluded from recovering a deficiency judgment. Connecticut Bank and Trust, supra, 27. However, "in the absence of proper notice, a presumption arises in favor of the debtor that the collateral was worth at least the amount of the debt", thereby shifting the burden to the secured party to establish by a preponderance of the evidence the amount that should reasonably have been obtained through a sale conducted in accordance with the `commercially reasonable' requirements of the code. Id., 27-28.
 To meet this burden the secured party must demonstrate that each and every aspect of the sale was conducted in a `commercially reasonable' manner. Generally, this requires evidence of such things as the amount of advertising done, the number of people contacted, normal commercial practices in disposing of the particular collateral, the length of time between the repossession and the sale, whether any deterioration in the collateral has occurred, the number of bids received, and the price obtained.
Id., 28 (citation omitted). The evidence presented by the secured party must be credible and objective; presenting only the price received or the opinions of the secured party's own agents and employees is insufficient. Id., 31. The sale of collateral "must be made in a good faith attempt to accomplish disposition to the parties' mutual best advantage." F W Welding Service, Inc. v. Pen-Smith, Inc., 38 Conn. Sup. 455,457-58, 451 A.2d 286 (App. Sess. 1982).
Mr. Janes sets forth the following facts in his affidavit: (1) Auto Recovery Bureau Conn., Inc., the company which repossessed the automobile, made efforts on plaintiff's behalf to sell the vehicle and received three bids from used car dealers ranging from $8,500.00 to $10,000.00; (2) plaintiff solicited bids from private parties and received bids ranging from $16,002.00 to $20,000.00; (3) plaintiff then advertised for two weeks in the Bridgeport Post and Bargain News, offering to sell the automobile for the best offer. Copies of the bids and advertisements are annexed to the affidavit as exhibits "D" CT Page 8001 through "I". The affidavit also states that the automobile is not listed in the National Automobile Dealers Association Used Car Guide for purposes of determining a fair market price, and, thus, plaintiff consulted the Hemmings Motor News, which, according to the affidavit, "carries advertisements for the sale of used unique, limited edition, classic, custom or specialty automobiles." Exhibit "J" of the affidavit is a copy of a page from that publication showing a listing for a 1989 Mustang Saleen in excellent condition with 4,800 miles selling for $18,000.00. The "Repossession Condition Report", at Exhibit "C", indicates that notwithstanding the low mileage of the car (775 miles), the spoiler/splash pan was chipped, the battery was dead, and the general condition of the tires, body and interior of the car were in only fair condition.
Based on the criteria of what constitutes commercial reasonableness set forth in Connecticut Bank and Trust, supra, and the fact that defendant has not disputed plaintiff's evidence, I believe therefore that the sale of the collateral for $20,000.00 was reasonable, and that plaintiff has successfully rebutted the presumption that the value of the car was greater than the amount obtained. With respect to defendant's allegation in his special defense that he did not receive proper notice of the default and intention to repossess, even if such a notice were required, the plaintiff's certified letter to defendant of February 6, 1991 constitutes adequate notice. See Exhibit "B" appended to the Janes affidavit.
Defendant has denied in his answer that the plaintiff is entitled to accrued interest, costs of collection and reasonable attorney's fees. The agreement, however, clearly provides for all three. See Exhibit "A" appended to Janes affidavit.
Based on the foregoing, plaintiff's motion for summary judgment as to liability is granted as there are no genuine issues of material fact, and plaintiff is entitled to judgment as a matter of law. Plaintiff should submit forthwith to the attention of the undersigned affidavits regarding the costs of collection and attorney's fees so that plaintiff's damages and defendant's total liability may be determined.
So Ordered.
Dated at Bridgeport, Connecticut this 25 day of August, 1992.
William B. Lewis, Judge