RICHARD L. HOLMES, Retired Appellate Judge.
Auburn National Bank of Auburn (Bank) filed suit against nine individuals, alleging that these individuals (hereinafter referred to as debtors) had defaulted under the terms and conditions of a promissory note dated November 4, 1991. The Bank alleged that the debtors owed the Bank the sum of $61,-459.32, plus interest, attorney fees, and costs.
Thereafter, the Bank filed a motion for summary judgment. The trial court entered an order, granting the motion for summary judgment in favor of the Bank and against all nine debtors, separately and severally. The trial court awarded the Bank $67,946.50 in principal and interest and $3,907.41 in attorney fees and costs, for a total award of $71,853.91.
The debtors appeal. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The facts surrounding this appeal are not in dispute. The resolution of the dispute is accomplished by applying the law to the undisputed material facts. Where only a question of law is presented, a case is appropriate for a summary judgment. Rees v. Peoples Bank of Greensboro, 571 So.2d 1035 (Ala.1990).
The promissory note dated November 4, 1991, was a renewal of a loan previously made. The note indicated that the principal of the loan totalled $190,520.42 and that the collateral for the note was 6,350 shares of SouthTrust Bank common stock. The note was signed by all nine debtors. Upon default of the note, the Bank sold the collateral listed in the note, and the net proceeds of $151,-752.90 were applied to the principal. Then the Bank filed suit, seeking to recover the deficiency owed on the note. As previously noted, the trial court found in favor of the Bank.
The primary issue on appeal is whether the trial court improperly granted the motion for summary judgment in that the Bank failed to act in a commercially reasonable manner in disposing of the stock, which was collateral for the note. Specifically, the Bank failed to give notice to the debtors of the sale of stock.
At the outset we note that First Alabama Bank of Montgomery, N. A v. Parsons, 390 So.2d 640 (Ala.Civ.App.1980), modified, 426 So.2d 416 (Ala.1982), provides that although the lack of notice of a default sale is commercially unreasonable behavior, it does not bar a secured party’s recovery of a deficiency judgment. If the debtor incurs damages because the creditor failed to meet the notice requirement, these damages may be applied as a “set off’ against the total deficiency. First Alabama Bank, 390 So.2d 640.
We further note that Ala.Code 1975, § 7-9-504(3), provides, in pertinent part:
“Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.”
(Emphasis added.)
The plain language of the statute provides that if the collateral is sold on a recognized market, then notice to the debtors of the default sale is not required.
In the present case, the collateral for the note was 6,350 shares of SouthTrust Bank common stock. This particular stock is traded on the Midwest Stock Exchange, and *66 this was the manner in which the Bank chose to dispose of this collateral. Consequently, the Bank was not required to notify the debtors prior to the sale. Stated differently, in the context of this case, as revealed by the record, i.e., the collection of a deficiency judgment, there was no damage to the debtors for the failure to notify.
We note that the original note signed in October 1988 stated that an additional 7,450 shares of SouthTrust Bank stock was pledged as collateral. The record reveals that these 7,450 shares of stock were released to one of the co-debtors in October 1991 to satisfy another debt with the Bank.
The debtors additionally argue on appeal that the trial court improperly granted the motion for summary judgment in favor of the Bank because the Bank had failed to disclose to the remaining debtors that part of the collateral securing the indebtedness had been released to a co-debtor.
However, it is well settled that if a competent adult, who has the ability to read and understand, signs an instrument, that individual will be considered to possess notice of all the provisions contained in the instrument and will be bound by those provisions. Power Equipment Co. v. First Alabama Bank, 585 So.2d 1291 (Ala.1991).
The note dated November 4, 1991, which is signed by all nine debtors, all competent, adult business persons, clearly lists the collateral pledged to secure the indebtedness. The amount of stock pledged as collateral in the November 4, 1991, note totals 6,350 shares. Therefore, the debtors are considered to have possessed the knowledge that the 7,450 shares were no longer pledged as collateral for the indebtedness when they signed the November 4, 1991, note.
In view of the above, this ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.