[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before this court is defendant's motion for summary judgment directed to each of the five counts of the complaint; the motion should be denied.
On April 1, 1993, the plaintiff, Rosa Nelson, filed a five count complaint for breach of contract (count one), tortious breach of contract (count two), violation of § 42-110 et seq. of the Connecticut Unfair Trade Practices Act (CUTPA) (counts three and five), and violation of § 38a-816(16) of the Connecticut Unfair Insurance Practices Act (CUIPA) (count four) against the defendant Peerless Insurance Co. (Peerless). The plaintiff alleges that on October 7, 1991, she amended her automobile insurance policy with Peerless to include coverage of a 1989 Ford Mustang, and on October 9, 1991, such automobile was stolen and subsequently sustained damage. The plaintiff further alleges that she presented a claim to Peerless for insurance coverage on October 9, 1991. The plaintiff alleges that she has performed all the conditions required under the policy, but Peerless has refused to pay motor vehicle property damage and theft benefits and, therefore, has intentionally breached its contract. Furthermore, the plaintiff alleges that such acts by Peerless were immoral, oppressive and unscrupulous.
On June 25, 1993, Peerless filed an answer and the following five special defenses: (1) the plaintiff failed to answer questions asked at her examination under oath; (2) the plaintiff made material misrepresentations during her examination under oath; (3) the plaintiff failed to produce requested records; (4) the plaintiff made material, misrepresentations in her application for CT Page 10482 insurance; and (5) the plaintiff engaged in fraudulent conduct in regard to the theft of the vehicle. On June 30, 1993, the plaintiff filed a reply denying each of the special defenses asserted by Peerless.
On August 26, 1993, Peerless filed a motion for summary judgment on the grounds that the plaintiff's breach of her duties and obligations under the insurance contract precludes her from recovery under the policy. These are the only grounds asserted in the motion. Other claims stated in defendant's memorandum of law which are not asserted in this motion are not considered by the court. In support of its motion Peerless filed the following documents: a copy of the entire transcript of the plaintiff's examination under oath; an affidavit by Kevin Maloney, employee of Champion Stereo Center; a copy of a letter dated November 20, 1991 to the plaintiff from counsel for Peerless; a copy of a letter dated May 11, 1992 to the plaintiff from Peerless; and a copy of the plaintiff's insurance policy with Peerless.
On November 18, 1993, the plaintiff filed an objection to Peerless motion. In support of her objection, the plaintiff filed the following documents: a letter dated March 19, 1992 to the plaintiff from Peerless denying payment of her claim; an affidavit by the plaintiff; and copies of the certificates of title and registration of the vehicle at issue. On February 10, 1994, Peerless filed a reply to the plaintiff's objection and on July 5, 1994, the plaintiff filed a response to such reply.
Pursuant to Practice Book § 384 summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The test on summary judgment is "whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour,186 Conn. 632, 647.
The party moving for summary judgment must show "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. Hartford Hospital, 192 Conn. 451, 455. CT Page 10483
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317. In deciding a motion for summary judgment the trial court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v. City of New Britain,203 Conn. 281, 285-86.
In support of its motion for summary judgment, Peerless argues that the plaintiff has failed to comply with the policy requirement that she submit fully to examination under oath, that she made material misrepresentations during her examination and that she failed to provide relevant requested documents. For these reasons Peerless argues that the plaintiff is precluded from recovery on her claim according to the provisions of the policy. In her objection to the motion, the plaintiff argues that she has answered all relevant and material questions asked during her examination under oath to the best of her knowledge and recollection, that she did provide the requested documents and that she did not make material misrepresentations during her examination.
Section 38a-334-8(b)(1)(D) of the Regulations of Connecticut State Agencies permits an insurer to include a condition within its policies requiring an insured to "assist and cooperate with the insurer." Section 38a-334-8(b)(1)(E) of the Regulations of Connecticut State Agencies further permits an insurer to include a provision that "no action shall lie against the insurer until all the terms of the policy have been complied with." Even in the absence of an express contractual provision requiring an insured to cooperate with the insurer, a duty to cooperate may exist "by virtue of the duty of good faith and fair dealing which applies to insurance contracts." Carrier Corp. v. Home Insurance Co.,7 CSCR 823, 827 (June 12, 1992, Schaller, J.).
"[A]bsent estoppel, waiver or other excuse, the substantial or material breach of the cooperation provisions of the insurance policy by an insured puts an end to the insurer's obligation."Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 675; see alsoO'Leary v. Lumbermen's Mutual Casualty Co., 178 Conn. 32, 38
(1979); Arton v. Liberty Mutual Insurance Co., 163 Conn. 127, 133;Curran v. Connecticut Indemnity Co., 127 Conn. 692, 695. The lack of cooperation "must be substantial or material." O'Leary v.Lumbermen's Mutual Casualty Co., supra, 178 Conn. 38. CT Page 10484
"In determining whether a condition to co-operate has been broken, we are dealing with contract rights, and if there has been a breach, prejudice need not appear. The reason why immaterial and unsubstantial failures of an assured do not constitute a breach is because they are not included within the fair intendment of the requirement that the assured co-operate, and lack of prejudice to the insurer from such failure is a test which usually determines that a failure is of that nature." (Citation omitted.) Arton v. Liberty Mutual Insurance Co., supra, 163 Conn. 133, citing Curran v. Connecticut Indemnity Co., supra, 127 Conn. 696. Furthermore, "[t]he issue of whether there was a lack of cooperation cannot be decided by determining whether there was an abstract conformity to ideal conduct on the part of the insured. It is a pragmatic question to be determined in the light of the particular facts and circumstances brought out in the particular case." O'Leary v. Lumbermen's Mutual Casualty Co., supra,178 Conn. 38-39. Whether a contract of insurance has been breached by an assured is "a question of fact to be determined upon the facts proven in the trial of the case and the law applicable thereto."Beach v. Utica Mutual Insurance Co., 8 Conn. Sup. 468, 470.
The policy issued by Peerless to the plaintiff provides in part that:
 We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: . . .
B. A person seeking any coverage must:
 1. Cooperate with us in the investigation, settlement or defense of any claim or suit. . . .
 3. Submit, `as often as we' reasonably require: . . .
 b. to examination under oath and subscribe the same. . . .
4. Authorize us to obtain:
a. medical reports; and
b. other pertinent records. . . . CT Page 10485
On February 12, 1992, the plaintiff submitted to an examination under oath as requested by Peerless. The plaintiff states in her affidavit that she brought documents to that examination, including the certificate of title, registration certificate and bill of sale for the vehicle at issue. The plaintiff submits in her affidavit that she answered all relevant and material questions asked at her examination to the best of her knowledge and recollection. Whether the plaintiff answered to the best of her knowledge is an issue of material fact. Peerless has failed to establish that there is no issue of material facts as to whether the plaintiff has substantially breached the cooperation provision of the insurance policy.
Accordingly, the motion for summary judgment is denied.
Fracasse, J.