[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has filed a motion for summary judgment challenging the plaintiff's right to bring an action for breach of contract. The defendant issued a homeowner's insurance policy which covered theft of the plaintiff's automobile and its contents, unless barred by exclusions in the policy or, as claimed here by the defendant, noncompliance with conditions precedent in the policy. The insurance policy contained a provision requiring the insured in case of a loss to provide the insurer with records and documents requested by it, and to submit to examination under oath and sign it. The motion for summary judgment contends that the plaintiff failed to comply with these policy provisions, which were material breaches of obligations under the policy and conditions precedent to the commencement of an action for breach of contract.
The second and third counts of the complaint allege breach of § 38a-816 of the General Statutes, part of the Connecticut Unfair Insurance Practices Act, for refusal to pay claims without a reasonable investigation, and a violation of § 42-110b of the Connecticut Unfair Trade Practices Act (CUTPA) for the same conduct. While the defendant's brief challenges these claims, the motion itself does not refer either directly or indirectly to the second and third counts, and they are therefore not considered here.
Summary judgment may be granted under § 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364. The test is whether a party would be entitled to a directed verdict on the same facts. Id.; State v. Goggin, CT Page 10522208 Conn. 606, 616. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246,247.
In support of the motion the defendant filed a copy of the insurance policy containing the provision for cooperation of the insured when a loss occurs (a matter not in dispute), a sworn statement of the insured and numerous letters between the defendant or its attorneys and the plaintiff or his attorneys relative to demands for information and the scheduling of an examination under oath. There are no affidavits filed by the defendant. The plaintiff filed an affidavit in opposition, stating that he furnished worksheets and cancelled checks and gave a sworn statement and a recorded statement to the defendant's representatives regarding the loss of personal property from his automobile. The plaintiff maintained in the affidavit and in this case that the defendant's request to provide documents was unreasonable and overly broad.
If the evidence is construed most favorably to the plaintiff, there is a question of fact whether the plaintiff unreasonably failed to furnish information to the defendant, and whether all of the information requested was germane and relevant to the claimed loss. In addition, while the correspondence back and forth between the parties relative to the holding of an examination under oath shows several postponements for various reasons and some reluctance of the plaintiff to submit to it, there was no outright refusal, and there is a question of fact as to whether there was noncompliance with the policy provision.
Where there is a question of material fact, the court cannot resolve it on a motion for summary judgment. United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 377. The record also does not clearly show, one way or the other, whether the claim was denied before the plaintiff commenced the action. The defendant had indicated at least that it was skeptical whether the claim was for an actual theft, and the plaintiff could arguably infer that the defendant would not pay under the policy.
Even where there is no issue of material fact, the moving party must prove that it is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. Relying upon cases from other states, the defendant argues that submission to examination under oath, production of required CT Page 10523 documents, and denial of the insured's claim is a condition precedent to commencement of an action for breach of contract. No Connecticut authority has been presented which holds that the claimant cannot bring suit until the insurer has exhausted its right to production of documents and examination under oath of the claimant, and the insurer has expressly denied the claim. Accordingly, it has not been shown that the defendant is entitled to judgment as a matter of law.
In this case the file does not contain an answer or special defenses by the insured. Under Connecticut law, one suing on an insurance policy may allege in general terms compliance with all obligations, as the plaintiff has done here, and the insurer must then allege any breach it intends to rely on, and the plaintiff then has the burden of proving performance as to the alleged breach. DuBose v. Carabetta, 161 Conn. 254, 262; Rochon v.Preferred Accident Insurance Co., 118 Conn. 190, 195. When the insurer claims violation of a cooperation clause by the insured as a defense, the insured then has the burden of proving cooperation. O'Leary v. Lumberman's Mutual Casualty Co.,178 Conn. 32, 38; Arton v. Liberty Mutual Insurance Co., 163 Conn. 127,135. The plaintiff can avoid breach of a cooperation clause by proving waiver, excuse or justification. O'Leary v.Lumberman's Mutual Casualty Co., supra, 38. See also Brown v.Employer's Reinsurance Corporation, 206 Conn. 668, 675. A similar construction should apply to the clause relied upon by the defendant here, which also calls for cooperation of the insured in furnishing important information to the insurer concerning the loss. The defendant has not pleaded the defense relied upon here, so the defendant's claim that it is entitled to judgment as a matter of law is also premature.
The lack of cooperation by the insured must be substantial or material. O'Leary v. Lumberman's Mutual Casualty Co., supra, 38;Rochon v. Preferred Accident Insurance Co., supra, 198. The mere inadequacy or untruthfulness of a statement made by an insured to the insurer does not always amount to a breach of the condition in the policy, and there must be evidence that the breach adversely affected the insurance company's interest in some substantial and material way. Id., 198. Whether that occurred here and whether the information furnished by the plaintiff, although not everything demanded by the defendants was adequate, also presents a factual issue.
The motion for summary judgment is denied. CT Page 10524
FULLER, J.