CARRIE B. McCULLOCH *vs.* PITTSBURGH PLATE GLASS COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A motion to open or vacate a judgment is, at least during the term at which it was rendered, addressed to the legal discretion of the trial court, and while, like a petition for a new trial, it should not be granted readily or without strong reason, it should be allowed whenever the court, acting reasonably, feels bound in duty to afford relief; and this is particularly true in cases arising under the Workmen's Compensation Act, the liberal spirit and policy of which are not promoted by a too strict adherence to procedural niceties, such as the general rule that denies a rehearing to a nondiligent litigant.

After the defendants' appeal from an adverse award of the compensation commissioner had been sustained by the Superior

Court upon the ground that the finding was not supported by the brief excerpts from the evidence certified to it, the plaintiff moved, at the same term of court, that the judgment be opened, alleging that the entire evidence, which she had theretofore been financially unable to procure, was material to a just determination of the case and would lead to a different result. *Held* that the Superior Court properly granted the motion.

Injuries to the plaintiff's husband, a traveling salesman, resulting from a fall upon a public highway while en route to call upon a prospective customer arose out of and in the course of his employment, since, by the terms and implications of his contract, he was required to use the highways and to expose himself to the risks and hazards incidental thereto, more than was common to ordinary persons.

The defendants attacked the commissioner's finding that the thrombus or stationary blood-clot which later developed into a fatal embolism of the pulmonary artery, was present in the body of the plaintiff's husband prior to his fall and thereby became detached. *Held* that this finding was justified by the medical testimony; and that, even if stricken out, an award in favor of the plaintiff could be supported upon the theory, substantiated by the evidence, that the thrombus itself was caused by the fall.

When a commissioner's finding is rendered, by correction on appeal, insufficient to support the award or to permit an intelligent and just decision, neither party ought, for that reason, to be deprived of redress or protection, but the case should be returned to the commissioner for such further finding and award as will allow a just determination of the rights of the parties.

Argued November 2d—decided December 12th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the fourth district in favor of the plaintiff, taken to the Superior Court in Fairfield County and tried to the court, *John Richards Booth, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *No error.*

*George E. Beers* and *William L. Beers,* for the appellants (defendants).

*Walter J. Walsh,* for the appellee (plaintiff).

HINMAN, J.   The commissioner's finding discloses that the claimant's decedent, her husband, was employed by the respondent as a traveling salesman; on January 16th, 1925, while passing along a public highway in Bridgeport for the purpose of calling on a prospective customer, he slipped on some ice and fell striking the lower part of his back, his head and his elbows; he was treated by his family physician, returned to work early in February, and continued until March 17th, when he stopped because of headaches and inability to sleep.   On March 23d he became partially unconscious, lost his power of speech and suffered complete weakness in the limbs, and was taken to a hospital where he died, on April 2d, from embolism of the pulmonary artery.   The commissioner found that "prior to the accident the deceased had a thrombus"—a clot condition stationary in the veins or arteries—"which became detached through the accident of January 16th, forming the embolism that caused his death."   Award was made, accordingly, for death resulting from an injury arising out of and in the course of deceased's employment.

The respondents filed a motion to correct the finding in several respects, the most important of which was the expunging of the above-quoted facts as to cause of death, which motion the commissioner denied. The respondents appealed and certain relatively brief excerpts from the medical evidence were certified and filed.   The trial court held that this evidence afforded no support for a finding that the fall was the cause of the pulmonary embolism which resulted in the death, granted the motion to correct, and rendered judgment, dated June 3d, 1927, sustaining the appeal and vacating the award.

On June 13th, 1927, the claimant filed a motion that the judgment be opened, alleging that all the evidence

before the commissioner—which was certified and annexed to the motion—abundantly supported the finding as to cause of death, that the claimant had theretofore been financially unable to furnish a copy of the testimony, and that it would be unfair and a miscarriage of justice to finally dispose of the case without a consideration of all the material evidence. The trial court, upon perusal of the evidence so certified, ruled that it contained matters at least requiring a reargument and, on July 8th, opened the judgment. This action of the court is the subject of the first two reasons of appeal.

The opening or vacating of a judgment—at least during the term at which it was rendered, as is the case here—is at the legal discretion of the court. *Tyler* v. *Aspinwall*, 73 Conn. 493, 47 Atl. 755. While, like a new trial under § 5850 of the General Statutes, it "is not to be granted readily, nor without strong reasons," it may and ought to be when there appears cause "for which the court, acting reasonably, would . . . feel bound in duty" to do so. *Wildman* v. *Wildman*, 72 Conn. 262, 270, 44 Atl. 224. The motion being addressed to and within the discretion of the court, the exercise of that discretion will not be reviewed unless there appears a clear abuse of legal discretion. *Wood* v. *Holah*, 80 Conn. 314, 68 Atl. 323. The present instance does not afford such an occasion for review.

Moreover, we think that in the Superior Court, as well as before the commissioner, the general rule which denies a rehearing to a nondiligent litigant is not to be applied in all strictness in compensation cases, but, in the absence of other than technical prejudice to the opposing party, the liberal spirit and policy of the Compensation Act should not be defeated or impaired by a too strict adherence to procedural niceties. *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 111 Atl.

193; *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 93 Atl. 245. No error was committed in opening the judgment.

The decedent was undoubtedly in the course of his employment when he fell upon the highway. The defendant contends, however, that the injuries he suffered did not arise out of his employment, error being assigned on the ground that the award as made placed upon the respondents a responsibility for a highway accident due to a hazard common to the community. It has been consistently held in this State that where the employer, by the terms or implications of the contract of employment, has the right to and does require the employee to use the highways more than is common to ordinary persons, the risk and hazards to such employee are, consequently, greater than those that are incident to occasional and casual use, and that injuries sustained during and because of such greater use arise out of as well as in the course of the employment. *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 758, 120 Atl. 603; *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 Atl. 782; *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 310, 97 Atl. 320; *Tiralongo* v. *Stanley Works,* 104 Conn. 331, 333, 133 Atl. 98; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105; *Moran's Case,* 234 Mass. 566, 125 N. E. 591. The situation of the claimant's decedent, as disclosed by the finding, brings him clearly within this rule.

The remaining reasons of appeal relate, in various aspects, to the appellant's attempt to eliminate from the finding the facts of the existence of a thrombus prior to, and its detachment through, the accident, and to substitute contradictory findings as to the source or cause, period of existence, and time and cause of detachment of the thrombus, thereby depriving of support by subordinate facts found, the conclusion that

death resulted from the injury sustained by reason of the fall.

It appears that the cause of death, as having been embolism of the pulmonary artery, was not definitely determined until an autopsy was made more than a month after the death. Even after this autopsy the further questions as to the time and place of origin and the producing cause of the thrombus, the time and cause of its detachment, and the duration and course of its movements from the place of detachment until it lodged in the pulmonary artery, causing death, remained without definite ascertainment and the subject of markedly differing opinions expressed by the several expert witnesses. These opinions were, necessarily, the main, if not the sole, resort and dependence of the commissioner in determining these questions, and if his answer thereto is fairly supported by any of such opinions and they or the grounds thereof are not, under the circumstances presented, unreasonable, his finding on that point cannot be corrected. *Cishowski* v. *Clayton Mfg. Co.,* 105 Conn. 651, 136 Atl. 472.

While no witness stated positively that the thrombus existed prior to the accident, the testimony as to the state of its development and apparent age together with the opinion of eminent experts that the death of the decedent resulted from this accident was sufficient to warrant the commissioner in his inference and finding to that effect. Moreover, such prior existence is not vitally necessary to causal connection between the injury and the death. Even though it were found that, instead of existing prior to the fall, the thrombus resulted from the bruises or other injuries then sustained—a theory which the evidence also abundantly substantiated—and having been so formed, developed and, as a natural result and consequence of such development, subsequently detached from the walls of

the blood vessel where it formed, and passed on to its final stopping-place, it would, as stated by the trial court on this point, still remain true that the detachment and its consequences came about through the accident. We cannot hold such a construction to be untenable and, so construed, the finding of that subordinate fact supports the conclusion reached, irrespective of whether the thrombus pre-existed the injury.

But even if, as the appellants claim should be done, the definite facts of prior existence and detachment by the accident were both expunged as found without evidence, the contradictory substitutes proposed by the appellants could not be inserted as being admitted or undisputed facts. The result would be that the conclusion of the commissioner that the death resulted from the injury would be left without a finding of subordinate facts either supporting or controverting it. The appellants claim that, in such a situation, the case necessarily falls and the only course open is to sustain the appeal and vacate the award. To the proposition that such would be the necessary consequence we do not assent. The examination of the evidence which we have been required to make in reviewing the rulings of the trial court upon the motion to correct discloses that the commissioner's conclusion of causal connection between the injury and the death is in accordance with the opinions of at least two eminent experts, reinforced by persuasive reasons. If the finding did not controvert this conclusion but merely left it without the setting of subordinate facts necessary to test its soundness, the case should not be conclusively determined upon such a state of the record. "Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be finally determined when . . . the facts have not been

sufficiently found to render a just judgment." *Cormican* v. *McMahon,* 102 Conn. 234, 238, 128 Atl. 709. Also, when the finding is rendered, by correction on appeal, insufficient to permit an intelligent and just decision, neither party ought, for that reason, to be deprived of redress or protection, but the case should be returned to the commissioner for such further finding, and award based thereon, as will allow a just determination of the rights of the parties. *Cormican* v. *McMahon,* 102 Conn. 234, 238, 128 Atl. 709; *Porter* v. *New Haven,* 105 Conn. 394, 396, 135 Atl. 293; *Louth* v. *G. & O. Mfg. Co.,* 104 Conn. 459, 133 Atl. 664.

There is no error.

In this opinion WHEELER, C. J., and BANKS, J., concurred; MALTBIE and HAINES, Js., dissented.