STEVE VIGLIONE SHEET METAL COMPANY, INC.
*v.* STEPHEN SAKONCHICK
(11196)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued May 13—decision released July 26, 1983

*Louis A. Silverstein,* with whom was *David M. Krassner,* for the appellant (defendant).

*Alvin M. Murray,* for the appellee (plaintiff).

SHEA, J. The defendant has appealed from the denial of a motion to open a judgment confirming an arbitration award and from the denial of a motion to correct or to vacate that award. Certain facts are undisputed by the parties. The plaintiff, Steve Viglione Sheet Metal Company, Inc., brought an application to compel arbitration of a contract dispute. Arbitration proceedings began in March, 1981, and an award granting the plaintiff $8382 was made in October, 1981. No transcript

of the arbitration proceedings was made. On November 3, 1981, the plaintiff filed an application to confirm the award pursuant to General Statutes § 52-417. The next day the defendant's counsel received a copy of the award, and on the following day he mailed his appearance and an application to correct or to vacate the award to the clerk of the Superior Court for the judicial district of New Haven. Judgment on the application to confirm the arbitration award was rendered on November 16, at short calendar. Defense counsel was not present, but learned of the matter one day later from opposing counsel.

Upon discovering that neither his appearance nor his application to correct or to vacate the arbitration award had ever been received by the clerk's office, the defendant's counsel filed a motion to open the judgment confirming the award and a second motion to correct or to vacate the arbitration award on November 27, 1981. Attached to the motion to open was his affidavit presenting the chronology of the events we have already described and stating, inter alia, that the failure to file an application to correct or to vacate the arbitration award and his failure to appear at the hearing on the application to confirm the award was accidental.[1] The

---

[1] The affidavit was as follows:

"Louis A. Silverstein of Orange, Connecticut, being duly sworn, deposes and says that:

"1. He is the attorney for the defendant in the above entitled action and respectfully submits this Affidavit in support of the above Motion.

"2. He received the Award of the Arbitrators on November 3, 1981.

"3. On November 5, 1988, [sic] he mailed his Appearance and an Application to Correct or Vacate Arbitration Award to the Clerk of the Superior Court for the Judicial District of New Haven.

"4. On November 17, 1981, he was informally informed by counsel for the plaintiff that a Judgment had been entered for the plaintiff on November 16, 1981.

"5. He, as counsel for the defendant, never received a copy of the Short Calendar List containing this matter.

"6. On November 25, 1981, he was informed that the Clerk had never

application to correct or to vacate alleged three grounds for rejecting the award: (1) failure to postpone the hearing once the defendant alleged that one of the arbitrators was not impartial; (2) that the award was the result of evident partiality; and (3) that the award was imperfect in form because it was labeled as an amended arbitrator's decision when to the defendant's knowledge no prior decision had been issued.[2]

As articulated in his brief and refined by oral argument, the basis for the defendant's appeal is the refusal of the trial court to open the judgment confirming the arbitrator's award. According to the defendant, the trial court erred as a matter of law in denying the mo-

---

received his Appearance nor his Application to Correct or Vacate Arbitration Award although these were mailed to the Clerk on November 5, 1981 as stated in Paragraph 3 of this Affidavit.

Louis A. Silverstein"

[2] The application to correct or vacate the award was as follows:

"APPLICATION TO CORRECT OR VACATE
ARBITRATION AWARD

"The defendant respectfully requests that the award of the arbitrators attached to plaintiff's Application to confirm be corrected or vacated for the following reasons:

"One of the arbitrators, Alfred A. Marzullo, was employed as a consulting engineer by the plaintiff. This information was not available to the defendant until said Marzullo was questioned at the beginning of the hearing of March 12, 1980. Although the defendant objected to Marzullo continuing as an arbitrator, he was overruled.

"As a result thereof, the arbitrators were guilty of misconduct for refusing to postpone the hearing upon sufficient cause and prejudicing the rights of the defendant.

"The defendant represents that the award was procured by evident partiality on part of the arbitrators or either of them in that they did not consider Paragraph 3 of the Contract between the parties dated July 31, 1979.

"The defendant further represents that the award is imperfect in matter of form since the award is labeled Amended Arbitrator's Decision. The defendant never received any prior decision from the arbitrators if one were rendered.

"WHEREFORE, the defendant moves:

"1. That the award be vacated or corrected.

"2. That an order be rendered staying any proceedings by the plaintiff to enforce the award pending final disposition of this application."

tion to open judgment under the circumstances alleged in the affidavit. Moreover, since the judgment was not opened, the defendant claims that the court was without jurisdiction to deny the motion to correct or to vacate.[3] The defendant requests this court to reverse the two judgments or to remand the motions for articulation. We find no error.

"Courts have an inherent power to open, correct and modify judgments. . . . *Wilkie* v. *Hall*, 15 Conn. 32, 37 [1842]; *Hall* v. *Paine*, 47 Conn. 429, 430 [1880]; *Tyler* v. *Aspinwall*, 73 Conn. 493, 497, 47 Atl. 755 [1901]; *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114 [1927]." *Ferguson* v. *Sabo*, 115 Conn. 619, 621, 162 A. 844 (1932); see 2 Stephenson, Conn. Civ. Proc. § 207, p. 852. A civil judgment of the Superior Court may be opened if a motion to open or set aside is filed within four months of the issuance of judgment. Practice Book § 326.[4] " 'While such a motion

---

[3] In his brief the defendant also claimed a deprivation of procedural due process on the ground that he never received notice of the hearing on the plaintiff's application to confirm the arbitration award and was therefore deprived of an opportunity to present his opposition to its confirmation. At oral argument, however, the defendant conceded that the trial court apparently did consider his motion to correct or vacate the award, which contained all of the defendant's objections to the confirmation of the award. This claim of a constitutional deprivation of an opportunity to be heard lacks substance and we decline to review the claim any further.

[4] Although nothing in the record indicates that the denial of the motion to open the judgment was based upon the trial court's power to set aside a judgment which has been entered by default; General Statutes § 52-212; Practice Book § 377; the defendant suggests that this court treat the judgment of confirmation as a default judgment. An entry of judgment against a party in his absence is not necessarily a default judgment. A default is an "omission of that which ought to be done," or, alternatively, "neglect or failure of any party to take step[s] required of him in [the] progress of [a] cause." Black's Law Dictionary (4th Ed.). General Statutes § 52-417 provides that once a party has made an application to confirm an award the trial court "shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419." Making an application to vacate an award; General Statutes

should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do.' *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 Atl. 114 [1927]; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224 [1899]." *Ideal Financing Assn.* v. *LaBonte,* 120 Conn. 190, 195, 180 A. 300 (1935). Once the trial court has refused to open a judgment, " 'the action of the court will not be disturbed on appeal unless it has acted unreasonably and in clear abuse of its discretion. *Cichy* v. *Kostyk,* 143 Conn. 688, 697, 125 A.2d 483 [1956]; *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114 [1927].' *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463 (1959)." *O'Leary* v. *Lumbermen's Mutual Casualty Co.,* 178 Conn. 32, 41, 420 A.2d 888 (1979); *Keller* v. *Carone,* 138 Conn. 405, 85 A.2d 489 (1951); 2 Stephenson, Conn. Civ. Proc. § 207, p. 855.

The defendant's claims regarding his attempt to file a motion to correct or to vacate and his failure to appear at the hearing on the motion to confirm the award were admittedly unchallenged by the plaintiff at the hearing on the motion to open judgment. While it is true that a judgment may be opened on the grounds of lack of notice or accidental failure to appear; *Barton* v. *Barton,* 123 Conn. 487, 491, 196 A. 141 (1937); see Practice Book § 377; it does not follow that such circumstances mandate the opening of a judgment.

§ 52-418; or one to correct or modify; General Statutes § 52-419; is an option available to an aggrieved party, not a legal duty, and, therefore, a judgment confirming an award which is unopposed, whether or not through inadvertence, is not within the traditional definition of a default judgment. The defendant is in no way prejudiced by our decision not to confine our analysis to the exercise of judicial discretion under Practice Book § 377 or General Statutes § 52-212. As our opinion today indicates, a different outcome would not have resulted had those provisions governed.

A motion to open in order to permit a party to present further evidence need not be granted where the evidence offered is not likely to affect the verdict. See *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 (1972); *Barnini* v. *Liquor Control Commission,* 146 Conn. 416, 419, 151 A.2d 697 (1959); *Keller* v. *Carone,* 138 Conn. 405, 407, 85 A.2d 489 (1951). Similarly a motion for a new trial will not be granted on the ground of newly discovered evidence unless it is probable that the result of a new trial would be different; *Kubeck* v. *Foremost Foods Co.,* 190 Conn. 667, 670, 461 A.2d 1380 (1983); *Taborsky* v. *State,* 142 Conn. 619, 623, 116 A.2d 433 (1955); or on the ground of lack of opportunity to defend unless a good defense existed. General Statutes § 52-270; *Bellonio* v. *Thomas Mortgage Co.,* 111 Conn. 103, 105, 149 A. 218 (1930). A judgment rendered upon a default or nonsuit may be set aside only if the moving party demonstrates that he has been prejudiced by the judgment, that "reasonable cause" or a "good cause of action or defense . . . existed at the time of the rendition of the judgment" and that the movant was prevented by "mistake, accident or other reasonable cause from prosecuting the action or making the defense."[5] General Statutes §. 52-212;. Practice Book § 377; *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 188 Conn. 253, 258, 449 A.2d 165 (1982); *Snelling & Snelling* v. *Dan-Ridge Chevrolet, Inc.,* 179 Conn. 671, 672, 427 A.2d 846 (1980).

[5] We recognize that the adequacy of notice has due process implications and may affect the jurisdiction of the court under some circumstances. The actual receipt of notice, however, is not a prerequisite so long as the procedure established by law for affording notice has a reasonable certainty of resulting in such notice and so long as that procedure has been followed. 1 Restatement (Second), Judgments § 2. The defendant has not claimed any jurisdictional deficiency in the procedure for giving notice of the short calendar hearing at which the award was confirmed. His claim is simply that the accidental failure of the clerk to receive his appearance and mo-

The theory underlying these rules governing the vacating of judgments is the equitable principle that once a judgment is rendered it is to be considered final; see *In re Juvenile Appeal (83–DE)*, 190 Conn. 310, 318, 460 A.2d 1277 (1983); Stephenson, supra, § 207, p. 863; and should be left undisturbed by post-trial motions except for a good and compelling reason. 2 Restatement (Second), Judgments § 78, comment c. We see no reason not to extend this principle to the case before us. The trial court had before it for consideration a motion to set aside the judgment and a motion to correct or to vacate the arbitration award which presented reasons not to confirm the award. The defendant made no objection to the joint consideration of both motions. The trial court, therefore, had the discretion to examine the defendant's challenge to the award prior to determining whether equity required the judgment to be opened. No evidence was presented by the defendant at the hearing in support of his allegations of procedural irregularity and partiality in the arbitration which were contained in his motion challenging the award. Nor did the defendant request an extension of time in which to produce such evidence for the consideration of the trier. He chose to stand on mere allegation. Because no factual basis for the defendant's challenge to the award was presented, the trial court was justified in denying the motion to open judgment.

The defendant contends that, even if the court were justified in denying the motion to open the judgment for lack of factual support for some of the claims in his motion to correct or to vacate, that motion raised a question of law which required the court to open the judgment and grant the second motion. The defendant

tion to correct or to vacate has unfairly deprived him of an opportunity to contest the plaintiff's motion. As mentioned in footnote 3, supra, he was given such an opportunity when the court considered his motion to correct or to vacate in conjunction with his motion to open.

alleged that the award was imperfect in form since the award, the only award of which the defendant received notice, was labeled "Amended Arbitrator's Decision." Because the defendant has filed no transcript of the proceeding and did not file in the trial court a motion for an articulation of the decision to deny the motions pursuant to Practice Book § 3082; see *Barnes* v. *Barnes,* 190 Conn. 491, 493–94, 460 A.2d 1302 (1983); our review of this claim is limited. Since the defendant has failed to supply a record presenting the trial court's rationale, as is his burden, we are disinclined to view as clearly erroneous the trial court's determination that the alleged imperfection was an insufficient basis for opening the judgment and, subsequently, for correcting the award. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Nor under these circumstances will we remand the decision for articulation. *Barnes* v. *Barnes,* supra, 494; *Carpenter* v. *Carpenter,* 188 Conn. 736, 739 n.2, 453 A.2d 1151 (1982).

Since we have determined that the trial court did not err in denying the motion to open judgment, we need not consider whether the trial court lacked jurisdiction to rule on the motion to correct or to vacate because the prior judgment was never opened. Even if it is assumed, for the sake of argument, that the motion to vacate should have been dismissed rather than denied once the court refused to open the judgment, under the circumstances the defendant sustained no prejudice.

There is no error.

In this opinion the other judges concurred.