[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT (#103)
The defendants, Hyman J. and Bernadene Goldfeld, filed a motion to set aside a judgment filed in the Superior Court, Judicial District of Fairfield on March 6, 1989, pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), Connecticut General Statutes 52-604 et seq. The defendants' motion to set aside that judgment is timely filed pursuant to Connecticut Practice Book 326.
The Connecticut judgment arose from a tax debt owed to the State of New Jersey pursuant to N.J.S.A. 54A:5-5.
The defendants, residents of Greenwich, Connecticut, allegedly made capital gains on land transactions in New Jersey for which they failed to file New Jersey tax returns. A notice of assessment was sent to the defendants on March 29, 1984 by certified mail. The defendants failed to make a formal protest as provided for by N.J.S.A. 54:49-18. A certificate of debt was then filed in the Superior Court in Trenton, New Jersey on May 2, 1984, and notice was sent to the defendants on the same day. There was correspondence between the defendants and the New Jersey Department of Taxation before and after the filing of the certificate of debt, but no taxes were paid. The defendants failed to appeal the judgment to the New Jersey Tax Court within 90 days after the date of the action.
The defendants' motion to set aside claims that the CT Page 4016 New Jersey judgment was obtained by "default in appearance"; therefore, it is not entitled to full faith and credit in Connecticut pursuant to Connecticut General Statutes 52-604. That statute states:
 Definition of foreign judgment. As used in sections 52-604 to 52-609, inclusive, "foreign judgment" means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment. (Emphasis supplied.)
The plaintiff argues (1) that the defendants had a chance to appear but chose not to; (2) that the New Jersey tax statute does not require appearance; therefore, there could not have been a default in appearance before the entry of judgment; and (3) if Connecticut General Statutes 52-604 et seq. (UEFJA) requires appearance, defendants appeared sufficiently to meet that requirement.
A timely motion to set aside a judgment may be granted in the court's discretion.
 "`Courts have an inherent power to open, correct and modify judgments."' Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037 (1983). A civil judgment may be opened if a motion to open or set aside is filed within four months of the issuance of judgment. Practice Book 326; General Statutes 52-212a. Such a motion is addressed to the trial court's discretion, and its action will not be disturbed on appeal unless it is shown that the court acted unreasonably and in clear abuse of its discretion. Acheson v. White, 195 Conn. 211, 215-16, 487 A.2d 197 (1985). "In determining whether the trial court abused its discretion, [the reviewing] court must make every reasonable presumption in favor of its action. Id., 215; Steve Viglione Sheet Metal Co. v. Sakonchick, supra, 711.
Pump Services Corporation v. Roberts, 19 Conn. App. 213, 215
(1989). CT Page 4017
"In 197[3], Connecticut adopted the [1964 revised version of the] Uniform Enforcement of Judgments Act but added a provision excluding judgments `obtained by default in appearance.' General Statutes 52-604 (supra). New York had similarly amended its Uniform Enforcement of Judgments Act. . . ." Morabito v. Wachsman, 191 Conn. 92, 101, N.9 (1983).
The court has found no Connecticut cases that have directly construed Connecticut General Statutes 52-604. Case law from' other jurisdictions which have adopted the 1964 revised version of the UEFJA, such as New York, are instructive. See McKinney's New York CPLR 5401 — 5402; Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 469 N.2 (App. Sess. 1982).
McKinney's New York CPLR 5401 provides:
 5401. Definition In this article "foreign judgment" means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance, or by confession of judgment.
In State of New Jersey, Division of Taxation v. Lloyd's Shopping Centers, Inc., Index Number 2599-88, N.Y. Sup. Ct. of Orange County, July 15, 1988, Patsalos, J. (unpublished, copy exhibit 6 to plaintiff's May 10, 1989 memorandum), the court held that under the procedure used to docket a judgment pursuant to N.J. Rev. Stat. 54:49-12, Tax Law Section, the appearance or lack of appearance of the defendant was irrelevant. Accordingly, that court held that the defendant had failed to show that the underlying New Jersey judgment was obtained by "default in appearance." The New Jersey judgment was enforced pursuant to McKinney N.Y. CPLR 5401.
This court agrees with the logic of the court in State of New Jersey, Division of Taxation v. Lloyd's Shopping Centers, Inc., supra. The foreign judgment against the defendants was not obtained by "default in appearance."
Even if this court were to construe the New Jersey procedures as requiring the appearance of the defendants, the court finds that the defendants sufficiently appeared in the New Jersey action.
 "The term `appearance' is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction. . . ." 5 Am Jur CT Page 4018 2d, Appearance 1. A party may make a formal appearance in an action by giving written notice of his appearance; see Practice Book 64; Mass. R. Civ. Proc. 11(a); or by "implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff. . .or from some act done with the intention of appearing and submitting to the court's jurisdiction." 5 Am. Jur.2d, Appearance 14; see Beardsley v. Beardsley, 144 Conn. 725, 729-30, 137 A.2d 752 (1957); Buckley v. John, 314 Mass. 719, 721-22, 51 N.E.2d 317 (1943).
Rule v. Rule, 6 Conn. App. 541, 544-45 (1986); see Iffland Lumber Co. v. Tucker, 33 Conn. Sup. 692, 695 (App. Sess. 1976). (The conduct of a party may operate as a general appearance.)
On May 24, 1984, the defendants' attorney wrote to the investigator in the Judgment Section of the New Jersey Department of the Treasury after receiving a notice of assessment dated March 29, 1984 and a notice of a certificate of debt filed in the Trenton Superior Court in New Jersey on May 2, 1984. In that letter the defendants' attorney (1) admits that he was advised of an investigation "some time ago"; (2) asked for a detailed analysis; and (3) admitted certain transactions but denied owing any tax. (Plaintiff's memorandum dated May 10, 1989, exhibit 4.)
The New Jersey tax procedures which were used in this case have been held to meet due process requirements. N.Y.S.usquehanna and W. R. R. v. Vermeulen, 44 N.J. 491 (1965).
When New York enacted McKinney N.Y. 5401, the New York legislature was concerned with "sewer service." Paden v. Warnke, 441 N.Y.S.2d 575, 578 (1981). "Sewer service" is service which is neither intended to nor desired to give the defendant notice of a foreign action. U.S. v. Brand Jewelers, Inc., 318 F. Sup. 1293, 1294 (S.D.N.Y. 1970).
One of the legislative concerns in Connecticut in enacting Connecticut General Statutes 52-604 was that both parties have actual notice of a foreign proceeding. Morabito v. Wachsman, 191 Conn. 92, 101 (1983).
The defendants had actual notice of the proceedings in New Jersey against them, and the defendants communicated with the New Jersey Department of Taxation a number of times CT Page 4019 concerning the merits of the case although the defendants did not make formal protest as provided by N.J. Rev. Stat.54:49-18.
The court finds that the defendants appeared by their conduct in the New Jersey proceeding. The judgment against them may have been a default but not a default in appearance.
Finally, the defendants argue that the plaintiff's affidavit was a "false swearing" because the affidavit stated that the judgment was not obtained by default in appearance. (Defendants' memorandum in support of its motion to set aside judgment.) The plaintiff's affidavit was not a "false swearing" under the reasoning of this decision.
For the reasons stated, the motion to set aside the judgment is denied.
E. EUGENE SPEAR, JUDGE.