[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO REOPEN JUDGMENT AND MOTION TO DISMISS
This action was commenced on May 30, 1988. Service on the defendant Bob Elderkin was made by leaving a copy of the writ, summons and complaint at 101 Platts Mill Road, Naugatuck, Connecticut.
A Motion for Default as to the defendant Bob Elderkin was granted on July 18, 1989, on the basis of his failure to appear.
The plaintiff obtained a judgment against the defendant Elderkin on January 19, 1990 in the amount of $40,088.75 plus costs of $404.25.
The pleadings are closed as to other defendants and the CT Page 4223 matter is awaiting trial.
The plaintiffs filed a judgment lien for their judgment against the defendant Elderkin; and in initiated a separate action to foreclose the judgment lien (#096727 Fortin v, Elderkin).
The court heard evidence in Fortin v. Elderkin on a Motion to Dismiss and Motion to Reopen a default judgment entered in that case. In denying the motion to dismiss and granting the motion to reopen, the court found that proper abode service had been made it 101 Platts Mill Road, Naugatuck; but that the defendant Elderkin was not residing at such address and had not received actual notice of the action.
In the instant case, the defendant Elderkin appeared on October 15, 1990 and filed these motions. The parties stipulated to the facts found by the court in the Fortin v. Elderkin case #096727.
Unfortunately, although the defendant, Mr. Elderkin, did not receive actual notice the court had jurisdiction through abode service. "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice." Stephenson, Connecticut Civil Procedure Section 4(a).
This case is thus distinguishable from General Motors Acceptance Corporation v. Humphrey, 13 Conn. App. 223 (1989); where no service was ever made, and the court lacked jurisdiction to render the judgment. Controlling authority is rather Van Mecklinburg v. Pan American Airways, Inc., 196 Conn. 517, 519
(1986); wherein it was held that the trial court had no jurisdiction to reopen a judgment on a motion filed more than four months after the date of judgment. Also, see Batory v. Bajar [Bajor],22 Conn. App. 4, 8 (1990).
 "While courts have an inherent power to open, correct and modify judgments; Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037 (1983); the duration of this power is restricted by statute and rule of practice."
The court is without jurisdiction to open or set aside this judgment. The Motions to Reopen Judgment and to Dismiss are denied.
McWEENY, J. CT Page 4224