[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner (hereinafter Travis) seeks a new trial pursuant to General Statutes 52-270[1] etc., claiming newly discovered evidence, in that his identical twin brother, Troy Hie (hereinafter Troy) will now confess to the crimes for which he was convicted in 1987.[2]
The Court ordered Post-trial Briefs at the conclusion of the testimony before it on November 12, 1993. The Petitioners Post-trial Brief dated February 4, 1994 requests the court to consider the petitioners Pre-trial Brief dated November 12, 1993 which outlined the history of this case in pertinent part.[3]
Troy testified that Travis did not sell cocaine to the undercover officer on August 25, 1987 or September 4, 1987. He did not however, come forward until the date of this hearing to testify that he was the guilty brother on August 25, 1987 and September 4, 1987 although he knew his brother Travis was sentenced to twelve years which he is now serving.
In March 1988 Troy pleaded guilty to two counts of possession of narcotics with the intent to sell and one count of possession of narcotics. These charges arose out of sales by Troy on September 8, 1987 to the same undercover officer who positively identified Travis for the violations of August 25 and September 4, 1987.
Troy testified in this case that he told his mother, sister and Travis that he conducted the sales for which Travis was charged before Travis' trial in July 1988. Travis did not take the stand at his trial. His mother and sister testified at Travis' trial. Neither of Travis' witness disclosed what Troy now testified they knew back then. The court did not hear from Travis' mother or sister.
Travis testified at this trial that he was bedridden at the time he was accused of the sales in 1987. A review of the testimony of the undercover officer was that Travis was on crutches CT Page 2150 when the sales were made. Other testimony in Travis trial was that the Hie brothers were further distinguishable by weight and hair styling and that Troy customarily sold heroin and Travis sold cocaine which was the illegal substance of the August 25 and September 4, 1987 arrests.
 "The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." Asherman v. State, 202 Conn. 429, 434, 521 A.2d 578 (1987); see also Kubeck v. Foremost Foods Co., 190 Conn. 667, 670 461 A.2d 1380
(1983); Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983). "This strict standard is, meant to effectuate the underlying `equitable principle that once a judgment is rendered it is to be considered final,' and should not be disturbed by post-trial motions except for a compelling reason." Asherman v. State, supra, quoting Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 462 A.2d 1037 (1983); see also Besade v. Interstate Security Services, 212 Conn. 441, 452, 562 A.2d 1086 (1989). "In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial." Asherman v. State, supra; see also Kubeck v. Foremost Foods Co., supra, 669. "It is within the discretion of the trial court to determine, upon examination of all the evidence whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion." Asherman v. State, supra; see also Kubeck v. CT Page 2151 Foremost Foods Co., supra 670.
The evidence in this case is not newly discovered but more so now newly related on the witness stand. Troy waited until the statute of limitations is likely to bar any prosecution of him for the crimes for which his brother was found guilty.
Even though Troy invoked his fifth amendment rights, Travis' mother, sister and he knew what Troy has now allegedly told them then.
This court also cannot reach a conclusion from the credible testimony it considered that the jury would have reached a different result. The petitioners argument in this case is reargument concerning identification. The prosecution's witness made a positive identifications of Travis for the August 25 and September 4, 1987 incidents; he had a fresh identification for Troy from his September 8, 1987 arrest.
Petitioners reliance on United States v. Guillette,404 F. Sup. 1360 is misplaced in this case.
In Guillette the testimony of a witness was tainted or perjured. The government also had suppressed certain exculpatory evidence. The court held at page 1370
 "A new trial is required if `the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . . .'" Giglio v. United States, 405 U.S. 150, 1154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972).
 The federal rule requires that relief in the form of a new trial should be granted only under circumstances compelling such action to achieve justice. Under the circumstances disclosed here, this Court is required to set aside the convictions of Guillette, Joost, and Zinni and order a new trial for all three.
 ". . . [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of CT Page 2152 the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215
(1963).
 Also see, Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 3 L.Ed.2d 1217 (1958); United States v. Baldi, 195 F.2d 815 (3d Cir. 1952); and United States v. Keogh, 391 F.2d 138 (2d Cir. 1968).
The matter before this court does not involve false testimony.
The Petitioner in this case cites Guillette for the proposition that the court interprets, "newly discovered" to include newly available. The testimony of Troy was available since Travis, his mother and sister had it but did not produce it at Travis' trial.
From all the credible evidence adduced in this matter, the petitioner has failed to establish substantial grounds for a new trial.
Accordingly, the petition is denied.
 Frank S. Meadow State Trial Referee