[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action against his former employers, American Chemical Refining Co., Inc. and Handy 
Harman, Inc., claiming wrongful discharge, violation of General Statutes § 31-51q, and violation of General Statutes §31-51m against his former employers. On August 1, 1994, after a bench trial, this court rendered a judgment for the defendant on all counts. Lebow v. American Chemical Refining Co., Inc.,12 Conn. L. Rptr. 277 (August 1, 1994, Sylvester, J.).
On August 9, 1994, the plaintiff filed a motion to open the judgment, asserting that there was a contract claim that was unresolved by the court and that there was an error of law with regard to the court's finding with respect to the plaintiff's claim based on a violation of General Statutes § 31-51q. CT Page 11310
A motion to set aside or open a civil judgment is governed by Practice Book § 326, and must be filed within four months of the issuance of judgment. Steve Viglione Sheet Metal Co. v.Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037 (1983). The motion to open was filed within the four month period required by Practice Book § 326. "While such motion should not readily be granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." Steve Viglione Sheet Metal Co. v.Sakonchick, supra, 190 Conn. 710-11, quoting McCulloch v.Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114
(1927). The decision to grant or deny a timely motion to open is within the discretion of the court. Acheson v. White, 195 Conn. 211,214-15, 987 A.2d 197 (1985).
The plaintiff claims in his motion to reopen that the court did not consider his breach of contract or detrimental reliance claims, which the plaintiff argues were adequately briefed and litigated. The short answer to this argument is that the plaintiff did not allege such causes of action, nor did he move to amend the complaint to conform to the proof, assuming that such claims were in fact litigated.
 It is still the law that the right of a plaintiff to recover is limited by the allegations of the complaint. Striminska v. Yates, 158 Conn. 179, 185, 157 A.2d 814; and any judgment should conform to the pleadings, the issues and prayers for relief.
Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1970); see alsoVerraster v. Tynan, 152 Conn. 645, 648, 211 A.2d 150 (1965). As noted above, the plaintiff's amended complaint contained three counts, wrongful discharge, violation of General Statutes § 31-51q, and violation of General Statutes § 31-51m. No claim was made based on detrimental reliance or breach of contract.
In the plaintiff's memorandum of law in support of the motion to open the judgment, the plaintiff makes an additional argument that the court's judgment in favor of the defendant on the basis of the counts asserting violations of General Statutes § 31-51q, was affected by an error of law. The plaintiff argues that the plaintiff's reports and complaints regarding environmental matters were protected speech, even though these statements and reports were made to other employees on the employer's premises. CT Page 11311 Regardless of the merits of the plaintiff's argument, the court found that Mr. Lebow was not fired "because he raised concerns about compliance with environmental laws and regulations." Lebowv. American Chemical Refining, supra, 12 Conn. L. Rptr. 278. The court credited the testimony of the defendants' executive officer responsible for terminating the plaintiff's employment, Roberts, wherein Roberts testified that the plaintiff was fired because "the plaintiff told Roberts that his heart was not in finishing the decommissioning plan and because the plaintiff was not progressing with the plan fast enough." Id. On the plaintiff's free speech claims, this court held in the alternative that "even if the court finds that the plaintiff was exercising free speech rights protected under the Connecticut constitution, the court holds the defendant has not violated General Statutes § 31-51q based on the previous ruling that the plaintiff was not fired in retaliation for expressing environmental concerns," but rather was terminated for poor performance in not complying with deadlines. Id., 279-80. Accordingly, this court found that the evidence demonstrated that the plaintiff was not discharged "on account of the exercise . . . of rights exercised by the first amendment to the United States Constitution or section 3, 4, or 14 of article first of the constitution of the state"; General Statutes § 31-51q; regardless of whether the plaintiff's complaints, statements or reports were protected speech. Accordingly, the plaintiff's motion to open the judgment is denied.
SYLVESTER, J.