[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN JUDGMENT OF STRICT FORECLOSURE AND RESET LAW DAYS
I. Factual and Procedural History
On August 2, 1991, the plaintiff, Federal Deposit Insurance Corporation, as Receiver for the New Connecticut Bank and Trust Company, N.A., was awarded a judgment of strict foreclosure against the defendant, Boston Post Limited Partnership. The court set October 28, 1991 as the law day. On October 28, 1991, the defendant filed a Chapter 11 bankruptcy petition. On November 24, 1992, the Bankruptcy Court granted the plaintiff's motion for relief from the bankruptcy stay. On August 15, 1994, the judgment of strict foreclosure was opened and the court set September 12, 1994 as the new law day. On September 9, 1994, the defendant filed a notice of bankruptcy stay. The Bankruptcy court granted relief from the stay to the plaintiff on March 23, 1995, permitting the plaintiff to proceed with the foreclosure.
On October 25, 1996, the plaintiff filed a motion to reopen the judgment of strict foreclosure and reset law days, which the parties argued before this court on January 12, 1998. During that argument the defendant stipulated to reopen the judgment of strict foreclosure. It soon became apparent, however, that there was a misunderstanding among the parties regarding the effect of the stipulation. The defendant argued that it did not agree to reopen the judgment for the limited purpose of resetting law days, but rather to reopen the judgment entirely and start over as if the original judgment never occurred. Pursuant to orders of this court, the defendant filed a brief on January 23, 1998 regarding the effect of granting the plaintiff's motion to open the judgment of strict foreclosure. The plaintiff filed its brief regarding the same on February 2, 1998. On February 17, 1998, noting the misunderstanding regarding the stipulation, this court vacated the stipulation reopening the judgment. On that date, the parties reargued the effect of reopening the judgment of strict foreclosure. CT Page 7030
II. Discussion
The issue before this court is whether, absent consent by both parties, the court can reopen a judgment of strict foreclosure for the limited purpose of resetting law days.
The defendant argues that absent its consent, the court cannot grant the plaintiff's motion to reopen the judgment of strict foreclosure for the limited purpose of resetting law days. The defendant argues that opening the judgment renders the original judgment void, that the parties stand as if no judgment had been entered, and that the plaintiff must prove its case anew. The plaintiff argues that the court has discretion to reopen a judgment for a limited purpose.
General Statutes § 49-15 provides, "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." (Emphasis added.)
The statute specifically permits the court to modify the judgment. It does not require the court to vacate the entire judgment. Black's Law Dictionary, 6th Edition, defines a modification as "[a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject matter intact." See Sasso v. Aleshin, 197 Conn. 87, 495 A.2d 1066
(1985) (opening a judgment but affirming a prior finding of paternity). "When the language of the statute is plain and unambiguous, [the court] need look no further than the words themselves because [the court assumes] that the language expresses the legislature's intent." O G Industries, Inc. v.New Milford, 229 Conn. 303, 306, 640 A.2d 110 (1994).
Further, General Statutes § 49-15 does not require consent from the parties before the court can modify a judgment. To hold otherwise would thwart the court's discretionary power to open and modify judgments. See Steve Viglione Sheet Metal Co. v.Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037 (1983) (discussing CT Page 7031 the court's discretionary power to open, correct and modify judgments); Society for Savings v. Stramaglia, 225 Conn. 105,109-110, 621 A.2d 1317 (1993) (discussing the court's discretionary power under section 49-15, and stating "the action of the trial court will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion.").
"Section 49-15 has the remedial purpose of providing relief to property owners and their creditors when this can be done without jeopardizing the security interest of the foreclosing mortgagee. It has often been utilized in the trial courts to extend law days or to convert a strict foreclosure to a foreclosure by sale when, at the time of the decision upon the motion to open, it appeared that a modification of the terms of the original judgment would produce a more equitable result. . . . The design of § 49-15 is to authorize a court, before a redemption pursuant to a strict foreclosure has occurred, to modify the terms of the judgment in order to achieve an outcome fairer to the parties than provided by the original judgment in light of conditions as they appear when the motion to open is decided." (Citation omitted.) Farmers Mechanics SavingsBank v. Sullivan, 216 Conn. 341, 352, 579 A.2d 1054 (1990).
The defendant has not shown cause as to why the plaintiff should be required to reprove its case. A defense to the amount of the debt must be based on an articulated legal reason or fact.Connecticut National Bank v. N.E. Owen II, Inc.,22 Conn. App. 468, 472-73,578 A.2d 655 (1990). Absent a showing of cause by the defendants, it would be inequitable to require the plaintiff to reprove its case, especially if the outcome will not change. See Steve Viglione Sheet Metal Co. v. Sakonchick, supra,190 Conn. 712-13.
Although the defendant cites cases which, in dicta, state that after a motion to reopen a judgment is granted the case stands as though no judgment had been rendered, all of those cases are distinguishable.[1]
Lastly, to accept the defendant's argument could lead to a tremendous waste of court resources and could thwart the purpose of the bankruptcy laws by transforming the automatic stay of litigation under 11 U.S.C. § 362 into an automatic right to a new trial. Debtors could file bankruptcy after a foreclosure judgment and seek a new trial after relief from stay is granted CT Page 7032 where the plaintiff seeks new law days to give effect to the relief awarded in the judgment.
III. Conclusion
Accordingly, the plaintiff's motion to reopen the judgment for the limited purpose of resetting law days is granted.[2]
The parties are ordered to appear at the New London short calendar on June 30, 1998 when a hearing shall be held for the limited purpose of setting new law days.
Martin, J