[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Daniel Henderson, (Henderson) seeks a new trial pursuant to Connecticut General Statutes § 52-270[1]
alleging inter alia under paragraph four, which is denied by the respondent, that the evidence could not with reasonable diligence have been discovered prior to his conviction because the witness herein Lisa A. Hobson's (Hobson) whereabouts was unknown at the time of trial to both the State and the petitioner and could not with reasonable diligence been discovered prior to his conviction.
In addition Henderson asserts that Hobson's testimony would have resulted in a different result than reached by the jury. The court ordered Post-Trial Briefs at the conclusion of the testimony.
"The standard that governs the granting of a petition for a CT Page 826 new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." Asherman v. State, 202 Conn. 667, 670, 461 A.2d 1380) (1983); Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983). "This strict standard is meant to effectuate the underlying `equitable principle that once a judgment is rendered it is to be considered final,' and should not be disturbed by post-trial motions except for a compelling reason." Asherman v. State, supra, quoting Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 462 A.2d 1037 (1983); see also Besade v. Interstate Security Services, 212 Conn. 441, 452, 562 A.2d 1086 (1989). "In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial." Asherman v. State, supra; see also Kubeck v. Foremost Foods Co., supra, 669. "It is within the discretion of the trial court to determine, upon examination of all the evidence whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion." Asherman v. State, supra; see also Kubeck v. Foremost Foods Co., supra 670.
The first witness offered by the petitioner was the attorney who represented Henderson at trial who testified only that she located Hobson after trial and would have put her on the stand at trial based upon her statement she obtained from her investigator who found her after Henderson was found guilty and sentenced. The petitioner gave no further testimony as to what efforts were made to diligently discover the whereabouts of Hobson before or during trial. The only testimony offered at his trial by Attorney Villa, counsel for Henderson at trial, was that she was aware of Hobson's existence that she would have been a helpful witness and that her investigator did not locate her until after sentencing of Henderson.
Attorney Villa (Villa) testified her client, Henderson, was charged with passing a counterfeit money order to pay for a CT Page 827 dinner at a restaurant called J. Timothy's in Plainville, Connecticut on a particular date. (Tr. 4). Villa testified she was aware of the existence of Lisa Hobson and that she would have been helpful to the defense. Villa testified that she did not attempt to locate Hobson but that her office did and that Hobson gave an interview on May 31, 1995 attached to the complaint herein. Villa only testified that she would have put Hobson on the stand at the original trial.
Under cross examination Villa admitted that she did not consider Hobson as a potential witness. No efforts were made prior to trial to locate Hobson only after her name came up during trial. Villa also did not seek a continuance from the court to locate Hobson. Villa conceded that she put on other alibi witnesses during the trial and that her other witnesses testified approximately or close to what other witnesses were going to testify; that Henderson was on a boat at the time of the incident at the restaurant.
During the original trial Donald Henderson, Jr. brother to petitioner testified who was at the restaurant and included the name of Lisa Hobson. Donald testified the petitioner was not present. Also Nancy Buch, who was at the restaurant with Donald Henderson, Jr. and Vincent Whitely, testified Hobson was present. Whitely's minor child age 11 years was also present at the restaurant. Petitioner argues that Hobson's testimony would have been more credible because she was not related to the petitioner. The court rejects that more weight would have been given to her testimony.
The petitioner presented several alibi witnesses that he was on a boat at the time of the incident.
The petitioner argues that Hobson would have testified that, on the date of August 11, 1993, when she was at the restaurant that she was with Donald Henderson, Jr. in a car driven by Vincent Whitely and that also present was Nancy Buch, Whitely's wife and his daughter Lisa and that the petitioner was not present. She further would have testified, and the petitioner argues, that they had dinner that evening and Vincent Whitely paid for it.
Hobson moved to Naugatuck lost contact with the people she worked for. The Whitelys owned a massage parlor where she worked and she was unaware of the petitioner's arrest until after trial. CT Page 828
Villa when she inquired of the prosecuting attorney whether Lisa Hobson was going to be called as a witness was told before trial that the State had not been able to locate her and therefore would not be calling her as a witness.
The burden of proof is on the petitioner to show the court that the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence. The petitioner cannot establish this burden of due diligence by showing what if anything the State did or should have done to locate a witness already known to the petitioner that they did not expect to call as a witness. The court concludes from the evidence adduced at trial that the petitioner has failed to meet his prong of due diligence.
In addition the court concludes that the only additional evidence would have been in accordance with the Hobson statement the petitioner was not present and that a person other than the petitioner paid the check. Alibi witnesses as well as witnesses at the restaurant testified to the fact that the petitioner was not present on the date the incident occurred. The jury rejected that testimony. Accordingly, therefore the Hobson testimony at the trial would be at best merely cumulative in nature.
In conclusion the court finds that Hobson's testimony is not likely to produce a different result at a new trial.
Petition is denied.
Frank S. Meadow Judge Trial Referee