[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A motion to open judgment was filed by the defendants on May 19, 1999. A hearing was held by the court on said motion on April 18, 2000. Testifying before the court was Jeffrey Angle, controller of Johnson Matthey, Inc. A number of exhibits were admitted by the plaintiff as well as the defendant.
The jury awarded Tricoastal Lanthanides $50,000 on its breach of fiduciary duty claim; $34,000 on its claim that defendants converted Tricoastal Lanthanides property to their own use; and $210,000 on its claim that Betty Chang made fraudulent representations that she would not use any confidential information on property of the plaintiff and would not disclose the plaintiff's confidential information. Tr. Jan. 21, 1999 at 5-6.
The damages awarded by the jury were substantially, if not totally, based on the testimony and evidence put forth by Tricoastal Lanthanides at trial concerning its lost profits from shipments of cerium carbonate it was supposed to have delivered pursuant to a contract with Johnson Matthey. The testimony and evidence represented to the jury that Tricoastal Lanthanides was unable to deliver any cerium carbonate to Johnson Matthey due to Chang's interference after she left her employment with the plaintiff in February 1995. CT Page 5156 In fact, Tricoastal Lanthanides did deliver approximately seventeen shipments of cerium carbonate to Johnson Matthey after February 1995, for which Tricoastal Lanthanides was paid $1.8 million.
Defendants' motion to open judgment was timely filed within four months of the judgment entered in this case. Conn. Gen. Stat. §52-212a; Conn. Practice Bk. § 17-4.
The decision to open a judgment rests with the discretion of the trial court, which has inherent power to open, correct, modify or vacate a judgment. TLC Development, Inc. v. Planning and ZoningComm., 215 Conn. 527, 533-34, A.2d 288, 291 (1990) (motion to open judgment addressed to discretion of trial court); Steve VigiloneSheet Metal Co. v. Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037,1040 (1983) (noting court's inherent powers).
The evidence introduced by defendants at the hearing on the motion to open judgment would have been "likely to affect the verdict" and therefore provides the court with a "good and compelling reason to open the judgment." Hirtle v. Hirtle, 217 Conn. 394, 398,586 A.2d 578, 580 (1991); Sakonchick, 190 Conn. at 712, 462 A.2d at 1041.
Recognizing that "a motion to open judgment ought to be [granted] when there appears cause for which the court acting reasonably would feel bound in duty to do so" the Court finds that there is sufficient cause to open and vacate the judgment. See Sakonchick,190 Conn. at 710-11,462 A.2d at 1040 (quoting McCulloch v. Pittsburgh Plate GlassCo., 107 Conn. 164, 167, 140 A. 144 (1927) (internal citations and quotation marks omitted).
A motion to open judgment is governed by Practice Book § 17-4, entitled Setting Aside or Opening Judgment.[1] The Connecticut Supreme Court has held that "[t]he principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." Hirtle,217 Conn. at 398, 586 A.2d at 580; accord Dixon v. Kane, No. CV90 018043, 1993 WL 117920 (Conn.Super. 1993) (Lewis, J.) ("Although Practice Book [§ 17-4] . . . does not contain a precise list of what the moving party must show in order to prevail, a party wishing to open judgment under [§ 17-4] must nevertheless demonstrate that there is a `good and compelling reason for the court to grant the motion.'"); see also TLC Dev., Inc., 215 Conn. at 533, 577 A.2d 288;Sanchez v. Warden, 214 Conn. 23, 35, 570 A.2d 673 (1990); Acheson v.White, 195 Conn. 211, 214-15, 487 A.2d 197 (1985); Sakonchick, 190 CT Page 5157 Conn. at 713, 462 A.2d at 1041 (1983).
Although a specific list of what must be established by a moving party in order to open a judgment has not been defined, the Connecticut Supreme Court has said that "a motion to open judgment ought to be [granted] when there appears cause for which the court acting reasonably would feel bound in duty to do so." Sakonchick,190 Conn. at 710-11, 462 A.2d at 1040 (quoting McCulloch v. PittsburghPlate Glass Co., 107 Conn. 164, 167, 140 A. 114 (1927)) (internal citations and quotation marks omitted). Further, if a party is seeking to present additional evidence, the motion should be granted if the evidence is "likely to affect the verdict." Sakonchick,190 Conn. at 712, 462 A.1d, [462 A.2d], at 1041. Ultimately, the decision to open a judgment rests with the discretion of the trial court, which has inherent power to open, correct, modify or vacate a judgment. TLCDev., Inc., 215 Conn. at 533-34, 577 A.2d at 291 (motion to open judgment addressed to discretion of trial court); Sakonchick,190 Conn. 710, 462 A.2d at 1040 (noting court's inherent powers).
Here, Chang's motion to open judgment was timely filed on May 19, 1999, well within four months of the judgment entered in this case on April 14, 1999. The question for the court to decide then, is whether there is a good and compelling reason to open the judgment.
The story told by Tricoastal Lanthanides at trial, and the evidence and testimony presented, gave the clear impression that once Chang left her employment with Tricoastal Lanthanides in February 1995, Tricoastal Lanthanides was unable to make any deliveries of cerium carbonate to its customer Johnson Matthey. The newly provided testimony from Jeffery Angle, the Controller for Johnson Matthey, and the invoices and payment receipts introduced at the hearing on the motion to open judgment, clearly demonstrate that the testimony and other evidence put on by Tricoastal Lanthanides pertaining to damages were false. Had the jury and the court been made aware that Tricoastal Lanthanides continued to deliver cerium carbonate to Johnson Matthey after Chan left Tricoastal Lanthanides the outcome of the trial would have been different.
In sum, the evidence and testimony from Angle which estimates relied on by the plaintiff in Trial Ex. 5 and demonstrate that the plaintiff was paid over $1.8 million dollars for shipments it claimed it was unable to deliver, make it highly probable that the jury would have reduced if not eliminated the total amount of damages awarded to Tricoastal Lanthanides. As such, there is a good compelling reason for the Court to open the judgment. CT Page 5158
There is a good and compelling reason for this court to grant defendants' motion to open judgment. The judgment is to be opened and vacated.
____________________ HICKEY, J.