[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the above-captioned case, has filed a "Motion to Open Judgment" dated April 12, 2001. Said Motion seeks to open a judgment wherein the jury rendered a verdict for the defendant dated January 26, 2001. A Motion to Reopen a Judgment is governed by § 52-212a
Connecticut General Statutes, which states as follows:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, CT Page 6991 a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.
Said motion is within the discretion of the court and should not be granted without strong reasons, McCulloch v. Pittsburgh Plate Glass Co.,107 Conn. 164 and Manchester State Bank v. Reale, 172 Conn. 520.
A full trial was held on the plaintiff's claim against the defendant. The plaintiff was represented by two attorneys and at the trial the plaintiff herself gave extensive testimony and offered the opinion of an expert namely a doctor who testified as to the standard of care. After the evidence and exhibits were presented by the plaintiff and defendant, the jury deliberated and fond the issues for the defendant.
It should be noted that the jury also responded to interrogatories that substantiated their finding in favor of the defendant. Each juror signed the jury interrogatory forms. In responding to the jury interrogatories, the jury made full and complete findings as to the issues in the case.
Their responses are as follows:
1. Did the plaintiff, Benita Bryan, prove to you by a preponderance of the evidence that Dr. Kirschenbaum breached the applicable standard of care in his treatment of her? The answer to this question was No.
3. Do you find that the plaintiff brought her lawsuit within two years from the date that she first sustained or discovered, or in the exercise of reasonable care should have discovered some form of actionable harm? The answer to this question was No.
4. Do you find the plaintiff brought her lawsuit within three years from the date of the injury complained of? The answer to this question was No.
5. Do you find the plaintiff proved to you by clear, precise and unequivocal evidence that Benita Bryan was unaware of her cause of action? The answer to this question was No.
The Connecticut Supreme court stated in Steve Viglione Sheet Metal Co.v. Sakonchuck, 190 Conn. 707 that once a judgment is rendered it is to be considered final. This conclusion upholds the rationale favoring finality of judgments. It also seeks to avoid duplication and conserve judicial resources. CT Page 6992
In order to prevail on a Motion to Reopen a Judgment, a moving party must show strong reasons to disregard a jury's verdict. The Plaintiff has the burden of showing that reasonable or good cause exists. Also the moving party must show that it is probable that a new trial would result in a different conclusion. The Plaintiff has not shown a good or compelling reason to reopen the determination made by the jury.
The plaintiff has not met her burden of proof in persuading the court to exercise its discretion in reopening the judgment.
Accordingly, the plaintiffs' "Motion to Open Judgment" is denied.
Stengel, J.