[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANT'S MOTION TO REOPEN
On February 13, 1998, the defendant TDB International, LLC and Clarence DiBlasi (TDB and Mr. DiBlasi) moved to reopen the judgment of strict foreclosure entered by the court, West, J., on January 12, 1998, for the purpose of considering the defendants' motion for determination of priorities dated January 9, 1998. TDB and Mr. DiBlasi did not submit a memorandum of law in support of their motion to reopen.
Irma Fabiani (Mr. Fabiani) filed memoranda of law in opposition to the motion for determination of priorities on February 9 and February 17, 1998. Additionally, Mr. Fabiani filed a memorandum in opposition to TDB and Mr. DiBlasi's motion to reopen judgment on February 17, 1998.
A motion to reopen judgment is governed by Practice Book § 326, now Practice Book (1998 Rev.) § 17-4. Practice Book § 326, now Practice Book (1998 Rev.) § 17-4, states in relevant part: "[A]ny civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months."
Practice Book § 326, now Practice Book (Rev. 1998) § 17-4, "does not contain a precise list of what the moving party must show in order to prevail, a party wishing to open judgment under § 326 must nevertheless demonstrate that there is a good and compelling reason for the court to grant the motion." (Internal quotation marks omitted.). Dixon v. Kane, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 108403, 8 CONN. L. RPTR. 574 (April 6, 1993) (Lewis, J.) quotingHirtle v. Hirtle, 217 Conn. 394, 398,586 A.2d 578 (1991).
"While the . . . [motion to reopen] is not to be granted readily, nor without strong reasons, it may and ought to be when there appears cause for which the court, acting reasonably would CT Page 7409 feel . . . bound in duty to do so." McCulloch v. Pittsburgh PlateGlass Co., 107 Conn. 164, 157, 140 A. 114 (1927).
As Mr. Fabiani notes in his memorandum of law, TDB and Mr. DiBlasi argued the merits of their motion for determination of priorities before the strict foreclosure judgment was entered on January 12, 1998. (See January 12, 1998 transcript, pp. 1, 11.).
TDB and Mr. DiBlasi's January 20, 1998 memorandum of law in support of their motion for determination of priorities contains the same arguments that were made before the court on January 12, 1998. The memorandum does, however, cite Superior ProductsDistributors, Inc. v. Sorensen, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 438302, 6 CONN. L. RPTR. 311 (March 17, 1992, Byrne, J.) to support their contention that Mr. Fabiani's judgment lien is invalid because he did not substantially comply with General Statutes § 52-380a(a) because he failed to place his full street address on the land records.
The facts of Superior Products Distributors, Inc. v.Sorensen, supra, however, are dissimilar from the present case. In Superior Products Distributors, Inc., supra, the judgment lien creditor did not specify the date of its earlier attachment as required by § 52-308a(b). Judge Byrne held that the court should look to the date the judgment lien was recorded, and not to the date the attachment was recorded to determine the order of priorities because the judgment lien creditor failed to comply with § 52-308a(b).
As Mr. Fabiani notes in his memorandum of law, § 52-308a(b) is intended to protect judgment lien debtors while the remainder of the judgment lien statute is intended to protect judgment lien creditors. Mac's Car City, Inc. v. DiLoreto,238 Conn. 172, 179, 679 A.2d 340 (1990) ("Although, as a general matter, the judgment lien statutes are intended to protect the interests of a judgment creditor, the inclusion of a time limitation for filing a judgment lien, such as the four month period specified by §§ 52-328(b) and 52-308a(b) is intended to protect judgment debtors") Thus, Superior ProductsDistributors, Inc., supra, is not analogous to the present matter.
TDB and Mr. DiBlasi failed to cite a single case where a court held that a judgment lien was invalid because the judgment CT Page 7410 creditor failed to include their complete address in the land records. Likewise, research has failed to uncover such a case.[1]
Thus, the court is of the opinion that Mr. DiBlasi and TDB have failed to demonstrate that there is a good and compelling reason for the court to grant their motion to reopen judgment and, therefore, the motion to reopen judgment is denied.
WEST, J.